Mr. Chief Justice ShaRKey
delivered the opinion of the court.
This action was brought by defendant in error to recover a balance alleged to be due on two promissory notes which had been given by Ray, the plaintiff’s testator, to R. H. Buckner. The executor pleaded the limitations of six years; and also that the claim was barred because it had not been presented within *16 eighteen months after publication of notice by the executor. From the date of the notes it was evident the statute had created a bar; but the plaintiff sought to avoid it by relying on the promises of payment made by the executor within six years next before the commencement of the action; and the effect of such a promise by an executor constitutes the main question in the case.
There were other questions raised during the progress of the trial, which may be passed with but a few remarks. The answers of the witness Lacoste, which were objected to, seem to be entirely free from just cause of exception. They fall within the rule that a written memorandum may be resorted to for the purpose of refreshing the memory. The witness spoke of the fact as a matter within his recollection. The letter-book was resorted to for the purpose of enabling him to fix the time of Henderson’s promise. The matters of evidence offered by defendant and rejected, were properly rejected.
As a promise to pay had been made by Henderson, and was fully established by the proof, the plaintiff’s counsel requested the court to charge the jury,
1st. That if, after Ray’s death, the executor acknowledged the debt claimed in the declaration, and promised to pay the same, such promise was sufficient to take the case out of the statute of limitations (six years), so as to entitle the plaintiff to recover in this action.
2d. That out of the time necessary to constitute the bar prescribed by the general statute of limitations must be deducted the time within which the statute forbids suits against executors, (nine months.)
3d. That if the claim was presented to the executor within eighteen months after publication of notice, from which must be deducted the sixty days required by law for continuing such publication, it was sufficient to take the case out of the special statute of limitations, (eighteen months.)
4th. That such presentation need not be in any particular form, but only sufficient to give such notice to the executor of the existence of the claim, its character and amount, as would *17 enable him, with reasonable certainty, to provide for its payment or security.
The foregoing charges were given, and present the questions of law to be considered.
The point raised is, does the promise of payment made by an executor, take the case out of the operation of the statute of limitations? Courts of high respectability seem to have held different opinions on this question. We must, therefore, compare their respective claims to merit as authority. Expressions of opinion in the affirmative of the question have been thrown out in cases where the point was not presented, and consequently where no expression of opinion was called for. In other cases it seems to have been taken for granted, that a promise by an executor or administrator was the same in effect as a promise by the original debtor, without any examination of the question. ; The cases in Massachusetts are referred to with great confidence!, as decisive of the question. In Emerson v. Thompson, 16 Mass. R. 429, the court said, “ we consider it well settled that such a promise by an executor or administrator, avoids this bar.' He may even omit or refuse to plead this statute, when there, has not been a new promise, if the debt is justly due.” It was on the authority of Baxter v. Penniman, 8 Mass. R. 133, that the question was regarded as being so well settled. But in truth no such question was raised in Baxter v. Penniman. The'action was assumpsit by an administrator against the original debtor, who pleaded the statute of limitations. To avoid the plea, the plaintiff introduced proof of a new promise by the debtor. The question, therefore, was, whether a promise to an executor or administrator was sufficient, and not whether a promise by an executor or administrator would have that effect. The distinction is very apparent, but it was not noticed by the court in Emerson v. Thompson, or in Baxter v. Penniman, in which the court said, “ When the parties are living, an admission of a promise or contract, as undischarged within six years before action brought, takes it out of the statute of limitations. For' the same reason, such an admission made by or to an executor or administrator after the six years, ought to be considered as *18 having the same effect” The effect of an admission by an executor or administrator was not the question before the court; its remark was, therefore, but an obiter dictum,. Still this remark was afterwards considered as having settled the question.
In Johnson v. Beardslee’s heirs and devisees, 15 Johns. 3, the effect of a promise by an executor or administrator was not considered. The defendants were sued as heirs and devisees. Two of them, it is true, were also executors; but it was as joint debtors that the effect of their promise was considered.
In Hammon v. Huntley’s exec., 4 Cow. 493, the question was not as to the effect of a promise by an executor in avoiding the statute of limitations; the statute was not pleaded, nor was such a question raised. “ The question is, (said the court,) whether an admission by one of the executors, that a certain sum was due from the testator to the plaintiff, is sufficient evidence to authorize a verdict against all the executors. It would undoubtedly be sufficient to take the case out of the statute of limitations.” By the statement of the question, the court showed conclusively that this broad declaration was an obiter dictum, and it is quite as evident that it was thrown out without consideration. It would have been quite enough if the court had said what the effect of the promise was in the case before it, without giving an opinion on its effect in a case not before it. This is therefore not a decision on the point.
The case of Mooers v. White, 6 John. Ch. R. 360, is very far from establishing the position for which it has been cited. On the contrary, it goes far to prove the reverse. It holds that the promise of an executor will not avoid the statute as against the real estate in the hands of the heir; and yet if an executor or administrator dan revive a barred debt, he thereby binds both personal and real estate, for both are liable for the satisfaction of judgments against the estate. Chancellor Kent .only considered the effect of such a promise, in its application to the case before him; but his reasoning will hold as well in regard to personalty as realty. Creditors and heirs are entitled to both; and both are reached through the executor or administrator.
No case, then, has been cited, which is entitled to be consid *19 ered a decision on the point, in which a promise by an executor or administrator has been held sufficient to avoid the statute of limitations. Let us see whether the question has not been decided the other way.
The case of Thompson v. Peter & Johns, adm’rs., 12 Wheat. 565, was an action on an account barred by the statute in the lifetime of the intestate. To avoid the plea of the statute, the promises of the administrators were relied on. The promise was not sufficiently established. But we infer that it would have been unavailing, if it had been proved. “ But (said Chief Justice Marshall) this is not a suit against the original debtor. It is brought against his representative, who may have no personal knowledge of the transaction. Declarations against him have never been held to take the promise of a testator or intestate out of the act. Indeed the contrary has been held.”
The precise point arose in the case of Peck v. Botsford, 7 Conn. Rep. vol. 2, 2d series, p. 172, in which it was elaborately discussed and considered by the court, and the authorities, both English and American, were reviewed. After a just course of reasoning, the conclusion was, that the statute of limitations is not avoided by the subsequent promise of the executor or administrator.
The same question came before the Supreme Court of Pennsylvania, in a late case (Fritz v. Thomas, 1 Whart. Rep. 66,) in which the former cases on the subject, in that state, were overruled, and, after a very full investigation, it was determined that the subsequent promise of an administrator does not preclude him from interposing the statute of limitations.
The same principle is recognized in Ciples v. Alexander, 2 Constit Rep., 768, where it was held that an administrator cannot bind the estate by acknowledging the justice of the debt.
These cases seem to accord with principle, and are deemed conclusive. An executor or administrator can only discharge existing legal obligations against the estate. He is the trustee or agent appointed by law, for the benefit and protection of creditors and distributees, who stand upon their strict legal rights, which cannot be prejudiced by the voluntary and un *20 authorized acts of the administrator. His duty is prescribed by law, and that is the limit of his power. The law determines the extent of the estate’s liability, and he cannot enlarge it. He can make no contract, except such as may be necessary in the course of his administration. If he can make no new contract, how is he to make an admission which shall operate to revive an obligation which is extinct? To admit that he has such power would be to place the estate entirely at his arbitrary discretion. Old debts might be revived without limit, and the whole estate swept away in their liquidation. It is no answer to say that the deceased might have done this. The law makes the administrator the agent to do what the deceased was bound to do in reference to his debts; but it does not clothe him with the discretion which the deceased had a right to exercise. In some of the cases it is said the executor or administrator may or may not plead the statute of limitations. This doctrine seems to militate against the view we have taken. When such a question arises, it may be found worthy of a reconsideration, and we only glance at it to leave it open.
In regard to claims’barred at the time of the death of the original debtor, we can have no hesitancy in holding, both on reason and authority, that they are not revived by the subsequent promise of the executor or administrator, assuming that nothing more than ordinary powers are conferred by the will, in the case of an executor. Is the same rule to prevail where the bar was not complete, or where the statute had not commenced running at the death of the debtor 1 There may seem to be some reason for a distinction. It cannot be made, however, without putting a new clog on a statute, the utility of which has been greatly lessened, and litigation thereby increased, by engrafting on it, by construction, an exception which is at war with its letter as well as its spirit. The safest rule seems to be to hold, that no promise by an executor or administrator will take a case out of the statute. Whether an individual liability may or may not arise in certain cases, where promises have been made, is another question. The charge of the court, therefore, on the first point, was wrong.
*21 As regards the other charges, they are sustained by previous decisions. 2 Smedes & Marsh. 452; 10 Ib. 100; 3 How. 216; 4 Ib. 242.
Judgment reversed, and cause remanded.