McKinney, J.,
delivered the opinion of the Court.
This suit was commenced before a justice of the peace, by the defendants against the plaintiff in error, and is founded *259 on a bill single, executed by the latter to James Wilkerson, on the 19th of August, 1846, and by him transferred, by 'written assignment, to the plaintiffs in the suit. The case was taken by appeal to the circuit court, where, upon the trial, the defendant in the suit offered to set-off two notes under seal, executed by said Wilkerson, the payee of the note sued on.
One of the said notes was executed by Wilkerson to the firm of W. A. &. W. Hickerson, (of which the defendant was a member,) and, upon the dissolution of the partnership, this note was delivered to the defendant, Hickerson, as his separate property, but without any written transfer or endorsement. The other note was executed to the firm of Hickerson & Powers, and upon the dissolution of the latter firm, said note was in like manner transferred, by delivery, to W. A. Hickerson, (one of the partners,) as his separate property, who transferred the same, by delivery, to the defendant in this suit.
The circuit judge held, that said notes, “not having been endorsed in writing,” the defendant was not vested with a legal title to the same, and, for that reason, could not avail himself of them as a set-off in this suit.
In this his Honor erred. This question was directly presented in Allen vs. McNew, (8 Humph. 46,) and it was adjudged, that if Allen were the owner of the notes, sought to be set-off, by purchase and delivery, without written assignment, he would be entitled to a set-off, if there were no other objections in the way. This decision, we think, is unquestionably correct. The holder of a note, transferred by mere delivery, has the right to maintain a suit thereon, for his own use, in the name of the person to whom it was made payable. This right is fully recognised and protected in a court of law, and cannot be questioned by the nominal plaintiff. The act of 1825, ch. 29, declares, that the person for whose use the suit is brought, “shall be held and deemed the real plaintiff on *260 record” — that he shall be liable, as such, for the costs of the suit; and that the death of the nominal plaintiff shall not abate the suit.
A set-off is allowed to prevent circuity of action, and is a substitute for a cross-action. If, then, when a defendant is sued, he should be the holder of a note, upon which, in the same tribunal in which he is sued, he has the absolute right conferred by statute, to maintain a cross-action against the plaintiff, why should he not be permitted to avail himself of such note as a set-off to the demand for which he is sued? To deny his right to do so, would, as it seems to us, be to contravene the object and policy of the law of set-off.
Another objection to the set-off, urged in argument here, is, that a transfer by one partner is inoperative to pass the interest in a note executed to the firm. And in support of this objection we are referred to the case of McIntire vs. McLaurine, (2 Humph., 71.) That case is no authority for the position assumed in the present case, it simply decides, and very correctly, that a written assignment of a note, made to a partnership, by an individual partner, not in the firm name, but in his own individual name, does not pass the interest in the note to the assignee.
It is well settled that, upon the voluntary dissolution of a partnership, the partners may agree, that the joint property and effects shall become the separate property of one of the partners. And if such agreement be bona fule, and for a valuable consideration, it will transfer the entire property to such partner, 10 Humph., 412.
The judgment will be reversed, and the case be remanded.