## A. B. SMITH CO. *v.* WILEY JONES.

1. PRACTICE. *Justice of the peace. Statement of cause of action. Evidence.*
   Although a statement of a cause of action upon which suit is brought before a justice of the peace be imperfect, yet, if it appear that the case was tried on the proper issue, and a correct result reached in the circuit court on the facts, the case will not be reversed because the statement did not show the real ground for recovery.

2. SAME.
   Proceedings in justices' courts are treated with great indulgence; the substance, and not the form thereof, is to be considered.

3. STATUTE OF FRAUDS. *Code* 1892, § 4225 (*d*).
   A contract of employment which is possible to be performed within the space of one year from the making thereof, is not within the statute of frauds.

FROM the circuit court of Sunflower county.

HON. F. A. MONTGOMERY, Judge.

The facts are stated in, or are clearly inferable from, the opinion.

*Baker & Moody,* for appellants.

Our statute of frauds requires that "any agreement which is not to be performed within the space of one year from the making thereof," shall be in writing, or else held to be void. Section 4225 (*d*), code 1892. This paragraph in our statute of frauds has reference more to contracts for service to be performed than any other class of contracts. Similar statutes have, by most of the courts, been so, construed, and the proposition, we take it, is so clear as not to admit of argument. 8 Am. & Eng. Enc. L., 635, 636, and cases cited; 14 Am. & Eng. Enc. L., 764, and cases cited.

It seems to us to be equally clear that said paragraph has reference not to the duration of the term of employment or date of commencement, but to the date of the contract. In the case of *McCroy* v. *Toney,* 66 Miss., 233, this court was asked to declare void a contract for the lease of lands for one year, the term to commence in future. The court held, however, that the paragraph in § 1292, code 1880, relative to the lease of land, which is the same as paragraph (*c*), § 4225, code 1892, had reference not to the date of the agreement, but to the duration of the term, basing the opinion almost entirely upon the fact that as the paragraph relative to the making of an agreement not to be performed within the space of one year from the making thereof, in which the words "from the making thereof" appeared, did not include or was not a part of the paragraph relative to the lease of lands, it was clear that as the words "from the making thereof," were not in the paragraph relative to the lease of land, that paragraph (the paragraph relative to the lease of land) had reference to the duration of the term or date of its commencement, and not to the date of the contract.

In the paragraph (*d*), § 4225, code 1892, with reference to the making of agreements not to be performed within the space of one year, it is not so, however, for it is clear that that paragraph has reference not to the duration of the term of service or date of its commencement, but to the date of the contract, because that paragraph has in it the words "from the making thereof," which means, if it means anything, the making of the contract. *McCroy* v. *Toney*, 66 Miss., 233, and paragraphs (*c*) and (*d*), § 4225, code 1892.

We do not insist that the agreement testified to by the appellee was one which, by its terms alone, showed that it was to be performed within the space of one year from the making thereof, but we do insist that said agreement was, by its terms, and the act of the appellee, one which it was impossible to perform within the space of one year from the time the agreement was made, and, to be valid, should have been in writing.

The only question, therefore, it seems to us, is, where there is an agreement in which it is impossible to do that which is agreed to be done, within the space of one year from the time the same is made, does such an agreement come within the prohibition of our statute of frauds so as to be void unless in writing? Such an agreement is as much within the prohibition of our statute as if the agreement itself had expressly shown that the contract could not be performed within the space of one year from the time of the making thereof; for the term of service begins with the day when the party goes to work, and the statute requires that the same shall be completed within the space of one year from the date the agreement is made, and the year ends with the ending of one year from that day. Had the agreement between the appellee and the appellant, in so many words, provided that the one year's services to be performed should commence one or more days after the contract was made, there could be no question, we take it, but that the contract would be within the prohibition of our statute of frauds, and void, unless in writing. Our statute does not read, however,

"any agreement which, by its terms, is not to be performed," etc., but reads "any agreement which is not to be performed within the space of one year from the making thereof;" so if a party makes an agreement to perform some service for a year, and it is agreed that he shall commence the performance as soon as possible, and does commence when it is impossible for him to perform a year's services within the space of one year from the time the agreement is made, such an agreement is as much within the prohibition of the statute as if it had, by its terms alone, in so many words, shown that the services could not be performed within the space of one year.   The contract testified to by the appellee certainly was not an agreement which was to be performed within the space of one year from the making thereof.   His agreement was to keep books one year, his services to begin as soon as he could go to work, and did begin at least one day after the agreement was made, and it was, therefore, impossible for him to keep books one year, within the space of one year from the date the agreement was made.   In fact, the contract itself showed that it could not be performed within the space of one year from the time when made, for Jones, the appellee, stated he could not go to work that day.   While it is true he might have gone to work that day, the contract showed that he could not; and, in fact, he did not.   It matters not how short the time is which exceeds the year, for if the court allows one day it can, with as much reason, allow one week, one month or one year, and thereby nullify the statute.   *Brace-girdle* v. *Head*, 1 B. & Ald., 723; *Kleeman* v. *Collins*, 9 Bush (Ky.), 460; *Comes* v. *Lamson*, 16 Conn., 246; *Hearn* v. *Chadbourne*, 65 Me., 302.

Counsel for appellee saw the force of this reasoning in the court below, when they asked for and secured the instruction to the jury authorizing a finding for the appellee if they believed the contract was to begin the day it was made, seeking thereby to take refuge behind the verdict of the jury.   *Sutcliffe* v. *Atlantic Mills*, 13 R. I., 480.

Mr. Minor, in the first volume of his institutes, under the head of Master and Servant, says: " When a servant is hired for a certain time (as a year, quarter, month, etc.) and is wrongfully dismissed before the expiration of the time, he may elect amongst these three remedies [citing, among other authorities, the following: *Rogers* v. *Parham*, 8 Cobb (Ga.), 190; Sedgwick on Damages, 223, 224]: (1) To bring a special action for the master's breach of contract in dismissing him, and this remedy he may pursue immediately; (2) to wait until the expiration of the period for which he was hired, and then he may perhaps sue for and recover his whole wages on a general count for work and labor, relying on the doctrine of constructive service. . . . But the better opinion seems to be that the whole wages cannot, in any case, be recovered upon the general count (2 Chitty, 11th Am. ed., 855, and other cases cited); (3) to treat the contract as rescinded, and to sue immediately on a *quantum meruit* for the work actually performed." 1 Minor's Institutes, pp. 213, 214, and cases there cited. Also, *Clark* v. *Marsiglie*, 1 Denio (N. Y.), 217. The plaintiff adopted none of the above modes, not even that in the second division, which is referred to as being of very doubtful propriety.

*Southworth, Richardson & Neill*, for appellee.

The contract made by Jones with the A. P. Smith Co., on September 19, 1895, began at the time of making, and it was to run twelve months therefrom. If this court should hold that the contract did not then begin, we contend that the contract was renewed at the expiration of the first month, to run eleven months therefrom. Section 4225 (*d*) of the annotated code of 1892, under which the appellant attempts to shield itself, was intended to cover cases in which it was the distinct understanding of the parties to the contract that it was not to be performed within the year from the making thereof.

The case was tried upon a proper issue of fact. The evidence of record shows this, and even if the written statement of plain-

tiff's cause of action be subject to criticism, still the case should not be reversed because thereof. The appellant was not misled or surprised. *Damnum absque injuria.*

WOODS, C. J., delivered the opinion of the court.

1. The written statement of the cause of action filed with the justice of the peace, even after its amendment in the circuit court, was imperfect and did not state the real ground for recovery, and, if the appellant had been surprised or in any way misled by the erroneous statement of the cause of action, we should not and would not hesitate to reverse. But it is perfectly clear that the litigants fought the case out on the proper issue, and that the correct result has been reached, assuming, as we do, the conclusiveness of the jury's verdict, and we decline to disturb the judgment because of the harmless variance between the written statement of the cause of action and the evidence offered to support it. Moreover, all proceedings in justices' courts are, and must be, treated with great indulgence. It is the substance, and not the form, to which we look in such cases.

2. No contract is to be presumed to be fraudulent where, by its terms, no fraud appears. This contract of employment was made on September 19, and was capable of performance within twelve months from the date of its making. There is nothing to show that the performance was to begin a week or a day after its making. The record is silent on that point, and we are not to assume that there was a fraudulent intent on the part of the makers. The contract was one, according to the view of the appellee, for twelve months' service, and this view the jury adopted. From the evidence of appellee he began on the nineteenth, the day of the making of the contract. He says that, with his employer, he began to examine the books which he was to keep, under the supervision of that employer, and that such examination was suspended, at the suggestion of the employer, when the dinner hour arrived. He made his first

entry on the books the next day, the twentieth, because of his return to Greenville, as we assume with the consent of the employer, but the first entry on the books does not necessarily show when the employment actually began. Why was not an examination of the books and an acquainting himself with the duties of his employment the beginning of the execution of the contract? But whether the bookkeeper began his work on the nineteenth or twentieth was a question of fact, determinable not by the terms of the contract, for the contract is silent on this point, but from the evidence. This question was fairly and properly submitted by the court to the jury, and the jury has found the fact to be that the contract was to be performed within twelve months from its making, and that it was not impossible of performance in that time.

*Affirmed.*