FIRST COLUMBUS NAT. BANK v. HOLESAPPLE-DILLMAN.

(Division A. Nov. 18, 1935.)

[164 So. 232. No. 31921.]

John F. Frierson, of Columbus, for appellant.

**Loving & Loving**, of Columbus, for appellee.

238

**McGowen, J.**, delivered the opinion of the court.

Mrs. Ruby Y. Holesapple-Dillman, appellee, presented for probate an account against the estate of Walter N. Holesapple, deceased, of which the appellant, First Columbus National Bank, was executor. The account as probated is as follows:

"The Estate of W. N. Holesapple, Sr., Deceased, Debtor to Mrs. Ruby Y. Holesapple-Dillman.

"July 15, 1929

"By money due for sale of note to W. N. Holes-
apple, Sr. : .............................$1,720.00.

"Credit

"July 15, 1929

"To pay out for W. N. Holesapple, Jr. ...... 635.00

"Balance due ...........................$1,065.00."

This account was probated and allowed for the amount thereof, one thousand sixty-five dollars, under the authority of section 1671, Code of 1930. The executor filed

a, contest of the claim under section 1678, Code of 1930. Upon the hearing of the evidence, the court allowed it as a valid claim against the estate, and the executor appeals to this court.

There are many objections to the claim, but we shall only state those which we think material to a decision of the case.

R. T. Simpson, an attorney at law in Alabama, testified that the decedent and the claimant, Mrs. Dillman, came to his office, and that the decedent needed six hundred thirty-five dollars to clear up some trouble about an automobile; his son was being threatened with criminal prosecution by the "retention title folks in Arizona." Mrs. Dillman was executrix of her husband's estate then being administered in New Mexico or Arizona, she owned a note signed by Hackworth and payable to Dillman. Mrs. Dillman and Holesapple (meaning Holesapple, Jr., son of W. N. Holesapple) were sweethearts and later married. She had the Hackworth note and delivered it indorsed to the decedent while in Simpson's office. They had come to the office for the purpose of having the witness look after the matter. The deceased got the money on the note and the interest. The agreement between the decedent and the claimant, Mrs. Dillman, was that when he collected the note he was to pay himself back the six hundred thirty-five dollars and the rest of it he was to pay to her. The witness further testified that he was present when the note was collected and that he would have remitted the balance to Mrs. Dillman, but did not know where she was, and the full amount was paid to Holesapple. The decedent executed a power of attorney to Simpson authorizing him to cancel the deed of trust which was security for the note upon its payment. The deed of trust was canceled and the note marked "paid in full."

The conversation in the office of Mr. Simpson was between the decedent, the attorney, and Mrs. Dillman, and in the hearing of Mrs. McCrosky, the stenographer of

the attorney. Mrs. McCrosky corroborated Simpson as to the conversation in the office and the terms of the contract between Mrs. Dillman and the decedent.

The evidence of Simpson and Mrs. McCrosky was objected to as being a privileged communication. The note was for one thousand seven hundred eighteen dollars and was payable to G. E. Dillman, signed by G. W. Hackworth, and was indorsed on the back, ''G. E. Dillman, by Ruby Y. Dillman, as Extcr.,'' and was further indorsed, ''Paid in full this 4/24/28. W. H. Holesapple, By R. T. Simpson, Atty. in Fact.'' The deed of trust was indorsed, ''Ruby Y. Dillman, Individually and executrix of will of Geo. E. Dillman.'' The note and deed of trust were exhibits to the evidence of Simpson.

It is here urged by the executor that the written statement of the probated account should have included the note as the basis of the claim, and, further, that if the claim as probated is, on its face, a sufficient statement of the account, then the evidence offered is incompetent because the relation of attorney and client existed between the decedent and Simpson, the witness, and, further, that the evidence offered, if competent, is at variance with the written statement of the claim probated, and is an entirely different cause of action. The executor also pleads the statute of limitation and calls attention to the fact that the probated claim misled the executor in the court below, since it fixed the date of the account as July 15, 1929, when the transaction in the office of Simpson occurred September 1, 1927. Holesapple died April 1, 1931.

The applicable part of section 1671, Code of 1930, is as follows: ''Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or, if the claim be a judgment or decree, a duly certified copy thereof, or, if there be no written evidence thereof, an itemized account, or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, to the following effect, viz.'' etc.

It will be observed at once that the account as probated purported to be an itemized account or a statement of the claim in writing. By its statement it purports to charge the decedent's estate with the purchase of a note on which there was a balance due of one thousand sixty-five dollars. The evidence in this case clearly discloses that there was no sale of the note by Mrs. Dillman to Holesapple. The effect of the testimony is that Holesapple agreed to collect the note for Mrs. Dillman, pay six hundred thirty-five dollars on the son's debt to himself and turn over the balance when collected to Mrs. Dillman. Holesapple simply became Mrs. Dillman's agent or trustee for the collection of the note. He collected it on April 28, 1928, and thereupon became liable to Mrs. Dillman for the balance, as shown by the account. There was no sale or purchase. The evidence did not sustain a claim for money had and received.

With this analysis, we are of the opinion that the probated claim was for balance of the proceeds of a note which the evidence did not sustain, but thereunder the decedent became the agent or trustee of Mrs. Dillman to collect the note and pay to her the balance when so collected. We may leave out of view the question of whether or not Mrs. Dillman was invested with the power to transfer the title of the note to Holesapple; the question as to whether the evidence was competent as being a privileged communication, yet we are convinced that the claim as presented was at variance with the evidence sustaining the claim, and that it should have been disallowed.

In Lehman v. Powe, 95 Miss. 446, 49 So. 622, 623, this court held, construing this statute, as follows: ''One of the objects of the statute in requiring claims to be probated, allowed, and registered is that the administrator and all other parties concerned may ascertain what debts are claimed to be due by the estate, and act intelligently in determining whether the same are just and should be paid, or whether the same should be contested.

242

The statute also clearly contemplates that, in presenting claims against the estate of a decedent, the evidence or statement of same probated must on its face show a prima facie right in the claimant to recover from the estate the amount claimed, and that it must disclose the nature and amount of the claim with sufficient precision to bar, when paid, an action therefor. . . . The words 'written evidence,' as used in the statute, clearly mean such a writing as by its terms or on its face evidences the fact that a liability exists on the part of the estate in favor of the claimant. Section 2106 [Code 1906] (the same in this particular as section 1671 [Code of 1930]) is mandatory, and, unless it has been complied with, the administrator, under section 2105 [Code 1906], has no authority to pay the claim; nor has the court power to order him so to do, unless Code 1906, sec. 2106, has been complied with.''

There is such a vast difference between a suit on an itemized account, for instance, for merchandise sold or for a note sold, and the claim for an accounting as between principal and agent, that the two causes of action are wholly irreconcilable. The claim, therefore, is disallowed, and decree will be entered here accordingly.

Reversed, and decree here for appellant.