WHITEHEAD *v.* PUFFER.

(Division A.  Jan. 2, 1940.)

[192 So. 566.  No. 33877.]

Barbour & Barbour, of Yazoo City, for appellant.

Bridgforth & Love and **J. G. Holmes,** all of Yazoo City, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The ultimate and controlling question presented by this record is this: Where an executor or administrator is sued on a probated account against the estate he is administering, some of the items of which appear on the face of the account, as probated, to have been barred by the Statute of Limitations at the time of the decedent's death, and the executor or administrator pleads the Statute of Limitations in bar thereof, can the plaintiff in reply thereto allege, and offer evidence of, facts not appearing on the probated claim disclosing that the decedent was estopped at the time of his death from pleading the Statute of Limitations thereto?

This question must be answered, as did the court below, in the negative.

"One of the objects of the statute in requiring claims to be probated, allowed, and registered is that the administrator and all other parties concerned may ascertain what debts are claimed to be due by the estate, and act intelligently in determining whether the same are just and should be paid or whether the same should be contested. The statute also clearly contemplates that, in presenting claims against the estate of a decedent, the

evidence or statement of same probated must on its face show a prima facie right in the claimant to recover from the estate the amount claimed, and that it must disclose the nature and amount of the claim with sufficient precision to bar, when paid, an account therefor.'' Lehman v. Powe, 95 Miss. 446, 49 So. 622, 623; Wilson v. Yandell, 174 Miss. 713, 165 So. 430. A probated claim which appears on its face to have been barred by limitations at the time of the decedent's death not only fails to disclose a prima facie liability therefor against the decedent's estate, but, in fact, negatives such liability, for the executor or administrator of the estate is without authority to pay such a claim. Henderson v. Ilsley, 11 Smedes & M. 9, 19 Miss. 9, 49 Am. Dec. 41; Sanders v. Robertson, 23 Miss. 389, 1 Cushm. 389; Bingaman v. Robertson, 25 Miss. 501, 3 Cushm. 501; Trotter v. Trotter, 40 Miss. 704; Byrd v. Wells, 40 Miss. 711; and Huntington v. Bobbitt's Heirs, 46 Miss. 528.

Affirmed.