BOGGAN *v.* SCRUGGS.

(In Banc.   Jan. 27, 1947.

[29 So. (2d) 86.   No. 36319.]

**R. F. B. Logan,** of Hernando, for appellant.

Gerald Chatham, of Hernando, for appellee.

Argued orally by **R. F. B. Logan**, for appellant, and by **Gerald Chatham**, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

The appellee probated the claim against the estate of George E. Boggan in the following form:

"In account with George Boggan, Dec'd.

| | | |
|---|---|---|
| 1939 | 12 months, washing, ironing & cooking at $10.00 per month ..................$ 120.00 | |
| | (with a similar separate item for each of the years 1940 to 1944, inclusive) | |
| 1945 | 5 months, washing, ironing & cooking at $10.00 per month .....................$ 50.00 | |
| | Total ..............................$770.00" | |

It was signed at the end "Mae Scruggs", and the statutory affidavit was attached thereto. A contest of the claim by the appellant was tried by the court without being referred to an auditor, and was allowed for $670. The administrator appeals; no cross-appeal was filed by the appellee.

The evidence discloses that the decedent lived with Mr. and Mrs. Scruggs, during and after the year 1939, and promised Mrs. Scruggs that if she would do his washing, ironing and cooking, he would devise and bequeath his property to her. Mrs. Scruggs lived up to her part of this agreement, but the decedent did not, dying without devising or bequeathing any property to Mrs. Scruggs.

The appellee proved these facts by her husband alone, and the appellant says that since two witnesses are nec-

essary in the making of a will, two witnesses should be required to prove a promise to make one. No authority is cited for this, and the point is without merit. A promise to make a will may be oral, and in the absence of a statute to the contrary, may be proved as any other fact may be.

The appellant had two objections to the form of this probated claim. One is that the middle name or initial of the decedent was omitted therefrom; that it should have been against the estate of "George E. Boggan" instead of the estate of "George Boggan."

Whether the omission of one's middle name in written instruments is material, has not heretofore been answered by this Court, and as we have no controlling statute, its answer must be found in the common law. That law "knows of but one Christian name" (Haywood v. State, 47 Miss. 1), and according to the English courts, the Supreme Court of the United States, and the courts of all but a few of the American states "the omission or insertion of the middle name, or of the initial letter of that name, is immaterial." Games v. Stiles, 14 Pet. 322, 10 L. Ed. 476. A full discussion of this rule, its origin and history, with a citation of the cases will be found in the note to State v. Hughes, [31 Tenn. 260] in 1 Am. Rul. Cases, 44; and if further authority should be desired, see 45 C. J. 369 and 38 Am. Jur., Name, Sec. 5, p. 596. In Thomas v. First National Bank of Gulfport, 101 Miss. 500, 58 So. 478, 481, 3 L. R. A. (N. S.) 355, this court, though not then called on to answer the question here under consideration quoted, seemingly with approval, the following excerpt from Beattie v. National Bank of Illinois, 174 Ill. 571, 61 N. E. 602, 43 L. R. A. 654, 66 Am. St. Rep. 318, "the law does not regard the middle [letter] as a part of a person's name, but only recognizes one Christian name of a party."

The second of the appellant's objections to this probated claim is that it does not disclose whether the debt claimed is due from, or to, the decedent's estate, and if

from, to whom. This objection seems to the writer to be well taken, but he yields to the judgment of his associates, who are of the opinion that it is without merit.

The appellant invokes the statute of frauds, seemingly, both as to Mrs. Scruggs' promise to render the service she did to the decedent and the decedent's promise to devise his property to her in consideration thereof. Mrs. Scruggs' promise is not within Section 264, Code 1942, for the reason that it might have been performed in less than fifteen months. Steen v. Kirkpatrick, 84 Miss. 63, 36 So. 140; Smith Co. v. Jones, 75 Miss. 325, 22 So. 802; Jackson v. Illinois Cent. R. Co., 76 Miss. 607, 24 So. 874. That the statute of frauds does not apply to a promise to make a will appears from Johnston v. Tomme, 199 Miss. 337, 24 So. (2d) 730, at page 733.

The appellant offered a witness who was not permitted to testify seemingly on the ground that she was disqualified under Section 1690, Code 1942. Whether or not this ruling of court is correct, is not before us, for the reason that the record does not disclose what the evidence of this witness would have been.

On the face of the appellee's probated claim, a part thereof appears to be barred by the three-year statute of limitation, Code 1942, Sec. 729, and the appellant says that the court erred in not approving the claim for only that portion of it which appears not to be barred. The appellee's answer to this contention is that her cause of action did not arise until the death of the decedent without complying with his promise to devise property to her. This is true, but can avail her nothing here, for the reason that facts which prevent the statute of limitation from running against a probated claim should appear in some form on the probate thereof and cannot be made to appear for the first time by evidence offered when the claim is under consideration in the administration of the decedent's estate. This ruling is clearly stated and the reasons therefor given in Whitehead v. Puffer, 187 Miss. 193, 192 So. 566. "The statute . . . clearly contemplates that, in

presenting claims against the estate of a decedent, the evidence or statement of same probated must on its face show a prima facie right in the claimant to recover from the estate the amount claimed.'' First Columbus Nat. Bank v. Holesapple-Dillman, 174 Miss. 234, 164 So. 232, 234, quoted with approval in Wilson v. Yandell, 174 Miss. 713, 165 So. 430.

The court below should have allowed this claim only for the three years preceding the death of the decedent, and its decree will, therefore, be reversed and one will be rendered here approving the claim to that extent.

So ordered.