JOHNSON *v.* HANNON.

Division A.   Mar. 19, 1951.

No. 37883 (51 So. (2d) 283)

Vance W. Good and T. J. Lawrence, for appellant.

Vollor, Teller & Biedenharn, for appellee.

McGehee, C. J.

On a contest and motion of the appellee, Frank E. Hannon, Jr., as administrator of the estate of Lula Hall, deceased, the trial court disallowed and dismissed the probated claim of the appellant, Carrie L. Johnson, against the estate of the decedent in the sum of $842, and the claimant appeals.

The motion of the administrator to disallow and dismiss the probated claim was on the ground: "1st. That the claim, as stated, is barred by the statute of limitations, as is apparent on the face thereof, and not allowable; 2nd. That the claim of Carrie Johnson does not show on its face a prima facie right to recover; 3rd. That the claim of Carrie Johnson does not show that the alleged

claim so propounded exists pursuant to a contract with the deceased, either express or implied.''

The claim was for services rendered as an attendant and servant of the deceased as being an ''amount due from Lula Hall, Deceased, to Carrie L. Johnson, for washing, ironing, cooking, cleaning up house, nursing, caring for, serving as an attendant and servant, buying food and running errands, ministering while sick and weak from the infirmities of old age, lifting, bathing and dressing decedent daily, and devoting her time during days and night in responding to the needs of the Decedent, from January 1st, 1937, to May 4th, 1939, being the sum of Eight Hundred and forty-two (842) days, at the rate of One Dollar ($1.00) per day and night, totaling the sum of Eight Hundred and forty-two Dollars ($842.00).''

This statement of the claim was duly sworn to on November 8, 1949, following the death of the said Lula Hall on May 4, 1949, and within six months after the first insertion of the notice to creditors by publication in a local newspaper; and the affidavit to the claim is in conformity with the requirements of Section 568, Code of 1942.

Before any action was taken on the above mentioned motion of the administrator to disallow and dismiss the claim on the grounds hereinbefore set forth, the claimant moved the court that she be allowed to amend the statement of the claim so as to correct a typographical or clerical error by changing the year 1937 to 1947 and the year 1939 to 1949, so as to be permitted to show that the services rendered were for the period from January 1, 1947, to May 4, 1949, the said Lula Hall having died on May 4, 1949. But this motion to amend was overruled by the court and the failure to sustain the same is assigned as error.

We are of the opinion that although this motion to amend was filed more than six months after the first publication of notice to creditors, the same should have been sustained under the authority of the case of

United States Fidelity and Guaranty Company v. Blanchard, 182 Miss. 179, 181 So. 134, which holds that a claim against an estate can not be amended, aside from the affidavit thereto, and except as to errors which are strictly clerical, after expiration of the six-month period allowed for probate. It was manifestly intended that the statement of the claim should refer to the years 1947 and 1949 since it is not reasonable that anyone would undertake to probate a claim on open account which is more than ten years old. At any rate, the claimant should have been permitted to show that the error was a clerical one and that the motion to amend was not one to change the claim as to the nature and character of the service rendered nor to increase the amount thereof, but merely to correct an obvious mistake made in the preparation thereof.

As to the second ground of the motion to disallow and dismiss the claim, we are of the opinion that the same is not well taken, since the statement of the claim does show on its face a prima facie right to recover. It states in effect that the sum claimed is an "amount due from Lula Hall, deceased, to Carrie L. Johnson (the claimant)", and that the services rendered in "washing, ironing, cooking, cleaning up the house, nursing, caring for, serving as an attendant and servant, . . ." during the period of time stated in the claim would clearly imply an obligation and promise to pay for such services, and a prima facie right to recover therefor if the services have not been compensated for, for the reason that the record affords no basis for an assumption that services of this nature and character, and for so long a period, would have been rendered voluntarily and without an obligation to the servant to pay her therefor.

The administrator who was contesting the claim had procured an adjudication from the court that Lula Hall was a widow, that she had no children, and that he was her nephew and the sole and only heir of the decedent, thereby excluding the idea that the claimant, Carrie L.

Johnson, bore such a relation to Lula Hall as to be obligated to render this service without compensation or that she voluntarily agreed to do so.

The word "due" used in the statement of the claim as to the amount thereof due to the claimant means "capable of being justly demanded, or justly claimed; indebted; . . .", 28 C. J. S. page 574. It imports a promise to pay. Locher v. Kuechenmiester, 120 Mo. App. 701, 98 S. W. 92; 19 C. J. 820, Note 55. Then, too, the statement in the claim showing that the claimant was "serving as an attendant and servant" would clearly inform the administrator that in probating the claim, the claimant was disavowing any theory that the services were rendered without any obligation or promise of compensation, since one does not work as a servant of another without promise of compensation or reward.

The third objection to the sufficiency of the probated claim is that it fails to show on its face that the services were rendered "pursuant to a contract with the deceased, either expressed or implied." The statute, Section 568, supra, does not by its express terms so require, but the difficulty on this appeal arises on account of some of the language used by the writer in the case of Johnson v. Odom, 202 Miss. 213, 31 So. (2d) 120, where there was involved a claim for $9,488 which was allegedly due the claimant for working for the decedent for nearly four years at $7 per day without being paid anything for his services, except the sum of $260 paid him on the day he left the farm of the decedent long prior to the death of the latter. The claim was wholly unreasonable, and the primary reason for our holding the probate thereof to be insufficient was that it merely stated that it was for "Personal services rendered by Johnnie Odom to decedent", and without stating the nature and character of the services, whereas in the instant case it would be difficult to conceive how the nature and character of the services which are claimed to have been rendered. to Lula Hall, deceased, could have been more fully, clearly and elabo-

rately stated than they are in the probated claim now before us.

In the Odom case, we quoted with approval, and therefore without any intention to depart from the holding in the case of Lehman v. Powe, 95 Miss. 446, 49 So. 622, which held that: "One of the objects of the statute in requiring claims to be probated, allowed, and registered is that the administrator and all other parties concerned may ascertain what debts are claimed to be due by the estate, and act intelligently in determining whether the same are just and should be paid, or whether the same should be contested. The statute also clearly contemplates that, in presenting claims against the estate of a decedent, the evidence or statement of same probated must on its face show a prima facie right in the claimant to recover from the estate the amount claimed, and that it must disclose the nature and amount of the claim with sufficient precision to bar, when paid, an action therefor."

We further held in the Odom case that the term "personal services" is too broad and indefinite to enable an administrator to prepare a defense thereto, or to determine whether it should be paid or contested, since it did not show on its face a prima facie right in the claimant to recover from the estate the amount claimed. But in that connection we used this language: "In order for the claim to affirmatively disclose such a prima facie right, it should inform the administrator whether the personal services were rendered pursuant to a contract, either express or implied, to the effect that they were to be compensated for." Cf. Boggan v. Scruggs, 200 Miss. 747, 29 So. (2d) 86; Whitehead v. Puffer, 187 Miss. 193, 192 So. 566. However, for the reasons hereinbefore stated, we are of the opinion that the statement of the claim was sufficient on its face to inform the administrator that the services were rendered under an implied, if not an express, promise to pay for the same; and that the claimant should have been permitted to introduce her proof to establish either an express or implied promise to pay for

the services, and wherein she would have had the burden of doing so by clear and convincing evidence. Cf. Bell v. Oates, 97 Miss. 790, 53 So. 491; Wells v. Brooks, 199 Miss. 327, 24 So. (2d) 533; Rice-Stix Dry Goods Company v. Monsour, 178 Miss. 621, 174 So. 63.

We have concluded that there is so much difference between the statement of the claim as made out in Johnson v. Odom and that in the instant case to render that case not decisive of the sufficiency of the probate of the claim now before us; and that therefore the cause should be reversed and remanded and the claimant given an opportunity to establish her claim by evidence at a hearing on the merits thereof, after the same has been amended to correct the clerical error as to the years during which the services are claimed to have been rendered to the decedent.

Reversed and remanded.