## Town *v.* Lupkin & Son.

[75 South. 546, Division A.]

1. JUSTICE OF THE PEACE. *Statement of cause of action. Sufficiency.*
   Under Code 1906, section 2730, providing that any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, a statement of account, or other written statement of the cause of action, a statement of the cause of action consisting of a contract to pay rent for a larger amount with a statement that two hundred dollars was claimed thereon, lodged with the justice was sufficient for all jurisdictional purposes and fully met the requirements of the statute with reference to the commencement of suits in a justice court.

2. JUSTICE OF THE PEACE. *Appeals. Amendments.*
   Where in such case on appeal to the circuit court, defendant made no motion for a bill of particulars, nor request that the plaintiff be required to be more specific in her demands, but on the other hand when the motion was made to dismiss the suit, the plaintiff asked leave of the court to amend her statement of the cause of action so as to more fully inform the defendants of the exact and specific claim upon which her suit was based, but the court denied her the right to amend, and peremptorily dismissed the suit, this was error.

3. JUSTICE OF THE PEACE. *Recovery of less amount than claimed.*
   Where in a suit before a justice of the peace the amount claimed was for two hundred dollars when only one hundred dollars was due, this would not prevent a recovery of the one hundred dollars really due.

4. EVIDENCE. *Best and secondary evidence. Notes.*
   . In an action for rent where the written contract filed by the plaintiff specifies the execution of notes by the defendant, but there was no testimony in the record one way or the other, regarding any notes, which if in existence would be the best evidence in the case, the objection to the evidence should have been raised by the defendant when the testimony was offered by the plaintiff to prove the contract sued on without offering the notes in evidence.

5. JUSTICE OF THE PEACE. *Pleading. Sufficiency.*
   Pleadings in justice courts should be treated with great liberality, with a view to bringing the issue in dispute between the parties to trial upon the merits. The substance of the cause of action, as stated by the writing "lodged" with the court should be looked _ to, and not the form.

6. JUSTICE OF THE PEACE. *Filing written instrument. Necessity of indorsement.*
   Where plaintiff suing before a justice of the peace for rent lodged with the justice the rent contract, and a copy of it was marked "filed" by the justice and certified with the other papers to the circuit court, there was no merit in the contention that the original contract was not marked "filed" since section 2730, Code 1906, does not require that the written statement be filed or marked filed, but only that it shall be "lodged" with the justice.

APPEAL from the circuit court of Coahoma county.
Hon. W. A. ALCORN, JR., Judge.

Suit by Mrs. Nellie Town against H. Lupkin & Son, brought in a justice court and appealed to the circuit court. From a judgment in the circuit court dismissing the case, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Maynard & Fitz-Gerald,* for appellant.

Appellees contend in their brief that this case should be affirmed because the ruling of the lower court was correct in sustaining the motion to dismiss, and the reasons given are as follows: First: That the writing sued on was insufficient on which to base a cause of action. Second: That the failure to allow the amendment, even though it should have been allowed, is not a reversible error.

Counsel for appellees argue that there is no evidence that the writing sued on was ever filed in the justice court. This is, indeed, a remarkable assertion when the proof shows that the justice of the peace forwarded the original of the lease contract with the usual certificate that the papers attached constituted the entire record, etc.

It is contended by appellees that the record nowhere shows that the contract was filed with the justice of the peace. It seems that appellees are of the opinion that before a paper can be filed that same must have been marked "filed." This is not the law, and with respect to cases of this character, the paper sued on dosen't have to be marked "filed;" but according to section 2730 of the Code of 1906, which is set out in full in our main brief, the statute only requires that the paper be lodged with the justice of the peace.

Every justice of the peace is presumed to have done those things which he should have done. Officers are presumed to have done their duty until the contrary is properly shown. Law suits in the supreme court are tried on their records, and the records are presumed to be correct. The record in this case shows beyond peradventure of a doubt that the paper sued on was lodged with the justice of the peace, and that it was sent to the attorneys for appellant to be by them turned over to the circuit clerk; but that attorneys for appellant, with the consent of Salter & Longino, the then attorneys for appellees, took from the record, so as to preserve the same, the original lease and substituted therefor a true and correct copy. So the record showing that the papers were in the custody of the justice of the peace, this court can only indulge in the presumption that the record being silent as to how the papers came into the justice of the peace's hands, they were properly lodged with him.

We contend that no filing marks were necessary, even though the statute had used the word "filed" instead of "lodged."

Granting for the sake of argument that this court should determine that the words "lodge" and "file" are snynonymous, still the law has been complied with, for we find the law to be as follows: "But the filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon, and does not consist of the marking put on it by the clerk." 19 Cyc., p. 530, and note No. 55 therein.

The supreme court of Florida in the case of *Franklin Co.* v. *State ex rel. Patton,* in the third southern, page 471, says: "A paper is filed when it is delivered to the proper officer, and received by him to be kept in his official custody. The usual file marks are but one evidence of the filing."

We shall not burden the court further with authorities along this line, though they exist in great abundance.

The case of the *United States Fidelity & Guaranty Company* v. *Leed Company,* 73 S W. 364, cited by appellees is not in point, as it went off on the proposition that in order to carry out the presumption of law, that those things were done by the court which should have been done. The case had to be decided as it was; in other words, the court held that the paper in question must never have been filed for if it were, the lower court had committed error; and in order for the lower court to have committed error, the paper must have been filed.

In this case the shoe is on the other foot, and using the same case as an authority, the circuit judge should have overruled the motion to dismiss.

It occurs to us that instead of a motion to dismiss, that a demurrer would have been the proper method to reach the questions brought in this controversy.

*D. A. Scott* and *E. M. Yerger,* for appellee.

The first question, which arises in this case, is as to the jurisdiction of the justice of the peace court. Section 2730, of the Code of Mississippi 1906, is as follows: "Anyone, desiring to sue, before a justice of the peace, shall lodge with him, the evidence of debt, statement of account, or other written statement of the cause of action, and thereupon the justice of the peace shall issue summons, etc."

We are very familiar with the rule of law that pleadings in the justice of the peace courts, are to be treated liberally and indulgently, and that the substance and not the form is looked to.

In the first place as heretofore stated, there is no evidence as to whether or not notes were executed by Lupkin & Son, for the rent due under this lease. If notes were executed, they themselves or copies thereof, were the evidence of debt, and not only should have been but must have been filed in the justice of the peace court, before a summons could be issued. If there were no notes, as intimated in the amendment, prayed to be filed, by the appellant, then the written statement of cause of action must have been so plain and specific that a judgment rendered in the action would be *res adjudicata* of any other action sought to be brought for the same cause.

Counsel quote, on page four of their brief, an excerpt from the case of *Greenburg* v. *Massey,* 90 Miss. 121, which is as follows: "The true rule is that, there must be a written statement of the cause of action, as can be successfully pleaded by the defendant, if sued again on the same cause of action; such a statement as will give the defendant the benefit of the plea of *res adjudicata.*"

We wish to call the court's attention again to the importance of the fact that this record nowhere shows that any contract was filed.

The abstract of the proceedings, from the justice of the peace court, contained a paper, which counsel for appellant presume to have been filed. It is not marked filed, however, and there is no testimony to prove that it was filed, as the first step in the commencement of this suit. Of course, the statute requires, absolutely that a written statement of the cause of action be filed, or that evidence thereof be filed.

In the case of the *United States Fidelity & Guaranty Company of Baltimore* v. *Feed Company,* 73 S. W. 364, the transcript, sent up, by the justice of the peace, to the circuit court, contained a paper purporting to be an amended complaint, which brought the case within the justice of the peace's jurisdiction. It was attached, to and formed a part of the transcript proper. The justice was authorized by statute to make the amendment. The only evidence that the amendment was allowed was the filing by the justice of the amended paper. The so called amended complaint had no file marks; the court held that there was no evidence that the paper had been filed.

The plaintiff moved the court to file an amendment to more particularly describe plaintiff's grievance against the defendant. The trial judge refused to permit the amendment. Section 775 of the Code of Mississippi of 1906, confers the power of great liberality in the allowance of amendments, so as to bring the merits of the controversy between the parties fairly to trial; however, the true rule is found, stated in 24 Cyc., page 727, and is as follows: "As a rule, however, it is not permissible to amend or file new pleadings, by which a new cause of action is introduced, and to authorize an amendment, it is necessary that the original pleading shall have been sufficient to support the action."

Innumerable cases are cited, from almost every state in the Union, including Mississippi, in support of the text found under the head of "New and amended

pleadings, on appeal from a judgment of a justice of the peace to an appellate court."

Counsel for appellant, on page eight of their brief, favors us with a quotation from 24 Cyc., page 734, styled, "Making pleadings more definite and certain."

We wish to call the court's attention to paragraph thirteen, which follows the paragraph cited by counsel, the same being: "Amendments as to jurisdictional facts. (A. In general) Where the court below actually had jurisdiction of the cause of action, the appellate court may allow an amendment to show a jurisdictional fact, which has been omitted, through negligence, or inadvertance; but no amendment can be allowed, the effect to which is to confer jurisdiction, otherwise wanting. B. Bringing action within jurisdiction where the cause of action was not within the justice's jurisdiction, an amendment cannot, in most states, be allowed on appeal for the purpose of bringing it within his jurisdiction." We confidently assert that, if any paper at all was filed with the justice before suit was begun, and the record does not show any such paper, as stated heretofore, there was no sufficient written statement of the cause of action, to give the justice of the peace jurisdiction.

The magistrate having no jurisdiction, the original pleading having been insufficient, this pleading, as stated by the learned trial judge, could not be amended, therefore the motion to amend was properly refused.

Holden, J., delivered the opinion of the court,

The appellant, Mrs. Nellie Town, filed suit in the justice of the peace court in Coahoma county against the appellees, H. Lupkin & Son, for two hundred dollars for rent claimed to be due her for the use of a certain storehouse occupied by the appellees in Jonestown. There was a judgment in her favor in the justice court, and Lupkin & Son appealed to the circuit court, where

they made a motion to dismiss the suit upon the ground that the statement of the cause of action filed in the justice court was indefinite and insufficient, which motion was sustained by the circuit judge, and the case dismissed, from which this appeal is taken here.

The only question presented by this appeal which deserves notice is whether or not the "written statement of the cause of action lodged with the justice of the peace" was a sufficient statement of the cause of action within the meaning of section 2730, Code of 1906. Here is the written statement of the cause of action filed in the justice court:

"Jonestown, Miss.

"For and in consideration of one dollar cash in hand paid, and sixty notes of fifty dollars each, due October 1, 1910, and one due on the first of each succeeding months for sixty months thereafter,

"I this day lease to H. Lopkin & Son for a term of five years beginning October 1, 1910, and ending October 1, 1915, that certain storehouse on the south side of main street, in the town of Jonestown, Miss., and known as the Will Sing Storehouse, and it is agreed and understood that on the failure of the payment of any one of these notes within ten days after due this contract shall become null and void at the option of the undersigned, Mrs. Nellie H. Town, lessor.

"Signed in duplicate this 19th day of September, 1910.                    H. Lupkin & Son.

"Mrs. Nellie H. Town.

"$200 rent claimed on this contract."

We are clearly of the opinion that the above statement of the cause of action lodged with the justice of the peace was sufficient for all jurisdictional purposes, and fully meets the requirements of the statute with refrence to the commencement of suits in justice court. The rent contract, or a copy of it, and the statement that "two hundred dollars rent claimed on this con-

tract" lodged with the justice of the peace, substantially informed the defendant of the nature and extent of the claim presented in the suit. It also appears from this record that the appellees made no motion for a bill of particulars nor requested that the plaintiff be required to be more specific in her demand. On the other hand, it appears that, when the motion was made to dismiss the suit, the plaintiff asked leave of the court to amend her statement of the cause of action so as to more fully inform the defendants of the exact and specific claim upon which her suit was based; but the court denied her the right to amend, and peremptorily dismissed the suit. This was error.

The appellees contended that only one hundred dollars was due under the rent contract at the time the suit was filed for two hundred dollars. This may be true yet it could not prevent a recovery by the plaintiff for one hundred dollars. Some contention is made also by the appellees that the written contract filed specifies the execution of notes by the lessee; but we find no testimony in the record, one way or the other, regarding any notes, but if there were notes in existance, which of course would be the best evidence in the case, the objection to the evidence should have been raised by the appellees when the testimony was offered by the plaintiff to prove the contract sued on without offering the notes in evidence. Furthermore, it seems that the appellees filed an offset in the case in justice court, and the cause may have been litigated there upon the merits.

Pleadings in justice courts should be treated with great liberality, with a view to bringing the issues in dispute between the parties to trial upon the merits. The substance of the cause of action, as stated by the writing "lodged" with the court, should be looked to, and not the form. The appellees contend that the original contract was not marked "filed" by the justice of the peace, and that for this reason the suit was properly dismissed by the circuit court. In the first

place, the law does not require that the written statement be "filed" or marked "filed," but it shall be "lodged" with the justice of the peace. The statement here in question was "lodged" with the justice of the peace, and a copy of it was marked "filed" by him and certified with the other papers to the circuit court. There is nothing whatever in this contention. It is further contended by the appellees that a judgement rendered on this statement of the cause of action could not be pleaded as *res adjudicata* in another suit for the same indebtedness. We disagree with counsel in this contention, as we think that the written statement lodged with the justice of the peace by the plaintiff is sufficiently specific, or could have been made so, upon which to base a judgement that could be pleaded in bar in any subsequent suit upon the same cause of action. The judgement of the lower court is reversed and the case remanded.

*Reversed and remanded.*