MISSISSIPPI CENT. R. CO. *v.* MAY et al.*

(Division A.    Feb. 13, 1928.)

[115 So. 561.    No. 26918.]

1. JUSTICES OF THE PEACE. *Written statement in declaration filed in justice court as to railroad's blocking switch, preventing loading logs, stated cause of action (Hemingway's Code 1927, section 2384).*

   Written statement of declaration filed in justice court, alleging that railroad negligently and carelessly blocked a switch where plaintiffs were delivering and loading logs on cars of company, and failure to stop such blockade, so that parties interrupted could continue their business, *held* to sufficiently state a cause of action, within Hemingway's Code 1927, section 2384 (Code 1906, section 2730), providing that in justice court there shall be filed evidence of debt, statement of account, or other written statement of cause of action.

2. JUSTICES OF THE PEACE. *Judgment in justice court, reciting that defendant entered general appearance but declined to introduce evidence, sufficiently showed that issue was joined (Hemingway's Code 1927, section 2395).*

   Judgment in justice court, reciting that defendant entered general appearance and that trial was entered upon but that defendant exercised its right not to introduce any evidence, *held*

to sufficiently show that issue was joined, trial had, and judgment entered in accordance with Hemingway's Code 1927, section 2395 (Code 1906, section 2741).

3. APPEARANCE.  *Appearance precludes objections because of jurisdiction, service of process, and related matters.*

Objection to jurisdiction, service of process, and other related matters are all precluded by appearance of defendant in court.

---

*Corpus Juris-Cyc References: Appearances, 4CJ, p. 1351, n. 27; p. 1353, n. 48; Justices of the Peace, 35CJ, p. 617, n. 47; p. 672, n. 63.

APPEAL from circuit court of Lawrence county.

HON. J. Q. LANGSTON, Judge.

Suit by L. G. May and D. M. Simpson, partners, against the Mississippi Central Railroad Company. Judgment for plaintiffs in the justice court was affirmed by the circuit court on writ of *certiorari,* and defendant appeals. Affirmed.

*Brady, Dean & Hobbs,* for appellant.

Appellants contend that the judgment rendered in the justice court is null and void. In *Gulf, Colorado & Santa Fe Railway Company* v. *Muse,* 207 S. W. (Texas) 897, 4 A. L. R. 613, trial is defined. The judgment recites that "all parties appeared and announced ready for trial," however, it does not recite that the parties actually joined issue, and "the record and proceedings" do not show that issue was joined. The Mississippi Central Railroad Company could not be compelled to join issue. It 'might announce ready for "trial" without joining issue, and according to the judgment it did not join issue in the justice court. A judgment without issue of law or fact is a nullity. *Steele* v. *Palmer,* 41 Miss. 88; *Lee* v. *Dozier,* 40 Miss. 477; *Armstrong* v. *Barton,* 42 Miss. 506; *Porterfield* v. *Butler,* 47 Miss. 165, 12 Am. Rep. 329. In *Steele* v. *Palmer,* 41 Miss. 88, and the case of *Armstrong* v. *Barton,* 42 Miss. 506, it was held that the pleadings in a cause must evolve an issue of law or fact before a

judgment can be rendered, and that the evidence of the existence of such pleadings is their appearance in the file. Section 596, Hemingway's Code 1917, is not broad enough to cover a case where a declaration fails to state a cause of action. *Haynes* v. *Ezell,* 25 Miss. 242; *Wells et al.* v. *Woodley,* 5 How. 484. Appellants respectfully submit that the failure of plaintiffs to file and prosecute a suit upon a cause of action cannot be waived, particularly where the parties do not join issue, although they may enter their appearance. *Southern Railway Company* v. *Grace,* 95 Miss. 611, 49 So. 833; *Penn. Mutual Life Insurance Company* v. *Heeton,* 95 Miss. 708, 49 So. 736.

*C. E. Gibson,* for appellee.

It will be noted that this case was begun in justice of the peace court by "lodging" in said court a "written statement of the cause of action," and appellees most respectfully submit that the written statement of the cause of action is a substantial compliance with section 2384 (2229), Hemingway's Code 1927, and that part of this section pertinent here is copied herein for the convenience of the court. See *Town* v. *Lupkin,* 114 Miss. 493, 75 So. 546; *A. B. Jones Company* v. *Jones,* 75 Miss. 325, 22 So. 802. A declaration setting out the items of damages was "lodged" in the justice of the peace court, and a summons issued for the defendant. In response to this summons, the defendant appeared. Such appearance waives defects of whatever kind or nature in the return of the process. 4 C. J. 1356, 5 Miss. 27; 18 Miss. 563, 42 Miss. 509, 5 How. 525, 7 How. 592, 43 Miss. 172, 104 Miss. 438, 61 So. 454; *Catlett* v. *Drummond et al.,* 74 So. 323, 113 Miss. 450; 99 So. 376, 134 Miss. 542.

Appellants say the declaration does not state a cause of action, and relies on the case of *Southern Railway Company* v. *Grace,* 95 Miss. 611, 49 So. 833 and *Penn. Mutual Life Insurance Company* v. *Heeton,* 95 Miss. 708, 49 So. 736, as authority in the instant case. They seem to lose

Sept., 1927]    Miss. Cent. R. Co. *v.* May.    337

149 Miss.]          Opinion of the Court.

sight of the fact that in the justice of the peace court a declaration is not required. All that is necessary is to "lodge" a "written statement" of the cause of action. Of course, if these appellees had no right of action at all, then it might be argued that the judgment is null and void. Appellants rely upon the case of *Horton* v. *Lincoln County,* 116 Miss. 813, 77 So. 796, as authority for them in the instant case, but in that case this court held that there was no legal liability, and hence the declaration did not state a cause of action. But all defects in the declaration, if any, are cured by the judgment of the court. *Illinois Central Railroad Company* v. *Price,* 72 Miss. 862, 18 So. 415; *Holmes* v. *Preston et al.,* 14 So. 455, 55 Miss. 148; *Noble* v. *Terrell et al.,* 64 Miss. 830, 2 So. 14; *Ragsdale* v. *Caldwell,* 2 How. 930; *Wells* v. *Woodley,* 5 How. 184. Under section 808, Code 1906, objection of variance between declaration and evidence raised for the first time on motion for a new trial was too late. *Jackson* v. *Lewis,* 142 Miss. 806, 108 So. 156.

Argued orally by *H. W. Hobbs,* for appellant, and *C. E. Gibson,* for appellee.

McGowen, J., delivered the opinion of the court.

May and Simpson, partners, doing business under the style and firm name of May & Simpson, appellees here and plaintiffs in the court below, filed a suit in the justice court against the Mississippi Railroad Company for damages alleged to have been sustained by them, in that the railroad company, appellant here and defendant in the court below, after placing four cars on a certain switch, ordered by the plaintiffs for the purpose of loading and shipping logs, the business in which they were engaged, carelessly and negligently permitted a car of a westbound local freight train to be wrecked on this switch and remain there for several days, thereby preventing plaintiffs from carrying on their business; and at

great length they set forth the measure and accrual of damages to them. A summons was issued for the defendant railroad returnable on the 8th day of February, 1927, and was executed by the constable. On that day the justice of the peace entered the following judgment:

"This cause came on to be heard and all parties appeared and announced ready for trial, and after the Court had heard and considered the testimony for the plaintiff, the defendant declining to introduce any, the court after having considered the same, and being satisfied in the premises, found that the plaintiffs L. G. May and D. M. Simpson, composing the firm May & Simpson, is entitled to a judgment for the sum of one hundred eighty-four dollars and all cost against the defendant, Mississippi Central Railroad Company, a corporation. It is therefore ordered and adjudged by the court that the plaintiffs L. G. May and D. M. Simpson, the partnership composing the firm of May & Simpson, do have and recover of and from the Mississippi Central Railroad Company, a corporation, the sum of one hundred eighty-four dollars and all cost of this suit accrued and to accrue, for all of which let execution issue. Ordered and adjudged this the 8th day of February, 1927."

A writ of *certiorari* was granted within six months from the rendition of the judgment, returnable to the circuit court, where, upon hearing, the judgment of the justice court was affirmed, and from this judgment, appeal is prosecuted here.

In the assignment of error, which we shall not set out here because of unduly lengthening this opinion, sixteen grounds are given for the reversal of this case. We shall not consider all of them, but only the points actually raised.

First. It is contended that the "declaration" filed in the justice court did not state a cause of action. The declaration is too long to set forth here. We think the substance of the basis of the suit, given above, is sufficient. There is no merit in this contention. In a jus-

tice court a declaration is not required. Section 2384, Hemingway's Code 1927 (section 2730, Code 1906), provides that there shall be filed the evidence of debt, statement of account, *or other written statement of the cause of action.* Under the circumstances, we cannot say that the written statement alleging that the railroad's negligently and carelessly blocking a switch, where parties were delivering and loading logs upon the cars of the company, and its failure to stop such blockade, so that the parties interrupted could continue their business, does not constitute a cause of action. *Town* v. *Lupkin,* 114 Miss. 693, 75 So. 546; *A. B. Smith & Co.* v. *Jones,* 75 Miss. 325, 22 So. 802.

Counsel for appellant rely upon the case of *Horton* v. *Lincoln,* 116 Miss. 813, 77 So. 796, which is not in point. The court simply held in that case that the plaintiff did not have a cause or right of action against Lincoln county because of the loss of a cow poisoned, by dipping, through the carelessness of an inspector, and that there was no liability on the part of the county to the plaintiff.

Second. Counsel for appellant insist that the judgment, set out above, does not show that a trial was had by joining issue in the justice court, because the judgment recites that the defendant declined to introduce any evidence. There is no merit in this contention. It sufficiently appears that the defendant, appellant here, was in court, that it entered a general appearance, that the trial was entered upon, but that it exercised its right not to introduce any evidence for reasons satisfactory to itself. Appearance in court, announcing ready for trial, and the trial proceeding to the point of hearing plaintiffs' proof, sufficiently show that issue was joined, the trial had, and judgment entered in accordance with section 2395, Hemingway's Code 1927 (section 2741, Code 1906). Counsel argue that the language of the statute, "If the defendant failed to appear *and contest* plaintiff's demand," then a judgment by default shall be entered, shows that a default judgment was entered here, because

the judgment fails to show that the plaintiffs' demand was contested by the defendant. The record shows that the defendant appeared and the trial proceeded; and any practitioner knows that the demand of the plaintiff may oftentimes be more successfully *contested* by not introducing evidence than by introducing hordes of witnesses. It was not a judgment by default.

Third. Counsel for appellant urge many objections because of the jurisdiction, the service of process, and other related matters, all of which are precluded by the appearance of the defendant in court. We do not deem it necessary to cite authorities to that effect.

Fourth. We do not think it is necessary to refer to the other assignments of error, as what we have already stated completely responds to all of the assignments of error.

This is a *certiorari* proceeding based on section 72, Hemingway's Code 1927 (section 90, Code 1906), which section confines the court to the "examination of questions of law arising or appearing on the face of the record and proceedings" of the court below; and that court correctly held that there were no errors of law shown on the face of the record and proceedings here presented.

*Affirmed.*