## ANDERSON *v.* LANCASTER.

Oct. 20, 1952

No. 38480　　　4 Adv. S. 1　　　60 So. 2d 595

*B. A. Duncan,* for appellant.

*J. Ray Gipson,* for appellee.

ETHRIDGE, J.

Appellant, Dr. W. J. Anderson, Jr., originated this suit as plaintiff against appellee-defendant, J. H. Lancaster, in the County Court of Lauderdale County. It is an action on open account for $125.00 of professional services rendered to appellee's wife and for which appellee agreed to pay. The declaration, filed on December 30, 1950, had attached to it a sworn account showing that the obligation was incurred on July 28, 1947. Appellee pleaded that the statute of limitations barred the action, since the debt had accrued more than three years before the filing of the suit. Miss. Code 1942, Sec. 729.

Appellant then amended his declaration, and charged that it was the custom of the members of the staff of the Anderson Infirmary, of which appellant was one, to defer or postpone the obligation of the patient to pay for the doctor's professional services until the hospital account was paid when a patient was unable financially to otherwise pay his hospital account; that appellee was in this situation, and that appellant agreed with appellee to defer payment of the account for appellant's professional services until the account incurred by appellee to the Infirmary was paid, after which time appellee would pay appellant's bill; that the account due the Infirmary was paid on or about April 7, 1950, after which, according to the agreement between appellant and appellee, appellant requested payment by appellee, which was refused; that appellee's debt to appellant was not due un-

til after payment by appellee of his account to the Infirmary. In addition to the special plea, appellee filed a general demurrer to the amended declaration. At the hearing, appellant offered to introduce evidence to show the alleged oral agreement, but an objection to it was sustained. The county court sustained the plea in bar and the demurrer on the ground that the account was barred by the three-year statute of limitation. Code of 1942, Sec. 729. Anderson appealed to the Circuit Court of Lauderdale County, which affirmed the original judgment. (Hn 1) Since the trial court sustained appellee's plea of the statute of limitations and did not try the case on the merits, the averments of the declaration must be taken for present purposes as admitted. Box v. House, 212 Miss. 154, 54 So. 2d 218 (1951).

(Hn 2) Appellant's position is that appellee agreed with him to defer the due date and payment of the account for professional services until appellee had paid his hospital bills with the Anderson Infirmary, and that under this agreement the due date of the obligation sued upon was on or about April 7, 1950, when appellee's account with the Infirmary was paid. There is no legal obstacle to an agreement of this sort by which the parties fix the due date of an obligation. And of course the statute of limitations, Code Sec. 729, does not begin to run until "the cause of such action (has) accrued . . ." Under this agreement the statute of limitation would commence from the date upon which the Infirmary bill was paid by appellee. This suit was filed about eight months after that. Hence the trial court erred in sustaining the plea of the statute of limitation.

Where a right of action depends on the happening of an event in the future (payment of the Infirmary account), the cause of action accrues, and the statute of limitation begins to run only at the time when the event happens. 54 C. J. S., Limitations of Actions, Sec. 110. In other words, where the parties contract that performance

by the promisor or debtor will take place on the happening of a certain event or the fulfillment of a certain condition, the cause of action accrues and the statute begins to run when the event occurs or the condition is complied with. Ibid., Sec. 131. For example, the statute of limitations will not commence to run against a promise to pay when the debtor is able to pay, until ability to pay exists. 34 Am. Jur., Limitations of Actions, Sec. 140; 54 C. J. S., Limitations of Actions, page 46, note 88.

In Gulfport Fertilizer Co. v. McMurphy, 114 Miss. 250, 75 So. 113 (1917), suit was brought for a bill due on an open account, and defendant pleaded the three-year statute of limitation. Although the testimony was conflicting as to when it was the duty of the buyer to make a settlement, the trial court gave defendant a peremptory instruction. On appeal the case was reversed and remanded for submission to the jury of this issue. The court, referring to the defendant-buyer, said, ''The cause of action did not accrue against him until the time elapsed within which it was his duty to have made this settlement.'' M. G. Travis & Co. v. Mosley, 143 Miss. 368, 114 So. 628 (1927), also involved a suit on an open account in which defendant pleaded the three-year statute of limitation. Plaintiff contended that one item of July 23 was not barred, because under the custom and usage of merchants in that locality, accounts with farmers were not due and payable until October 1 of the year in which the items of account were sold. But it was held that the testimony on that point was insufficient to establish such a general custom, although if it existed the period of limitation would begin to run from that due date. In Hendricks v. Robinson and Stevens, 56 Miss. 694 (1879), in an action by a Jackson merchant upon an open account for goods sold and delivered, the court properly instructed the jury for the plaintiff that if, by the custom of the merchants of Jackson, including plaintiff, open accounts became due on the first of January succeeding the year in which the goods were sold and

there was no understanding between plaintiff and defendant to the contrary, then the statute of limitation would not bar the account sued upon until three years from the first of January succeeding the year in which the goods were sold.

The three foregoing cases illustrate the previously stated proposition that the parties may agree as to the due date of an open account, as they may to any other obligation, and that the statute of limitation does not begin to run until the accrual or due date of the debt.

(Hn 3) Code Sec. 724 prohibits the changing of statutory limitations by contract between parties, but that statute is not applicable here. The parties did not change the limitation period, but rather established the due date of the obligation, from which time the statutory limitation commences. (Hn 4) Nor is there any merit in appellee's argument that the statute of frauds, Code Sec. 264 (d) (agreement not to be performed within fifteen months), voids the agreement as to the accrual date. Boggan v. Scruggs, 200 Miss. 747, 29 So. 2d 86 (1947).

This cause is therefore reversed and remanded for further proceedings not inconsistent with this opinion. Reversed and remanded.

*McGehee, C. J.,* and *Hall, Lee,* and *Arrington, J.J.,* concur.