McRAE, Justice,
for the Court:
This appeal arises from a May 13, 1991, order of the Forrest County Circuit Court granting Forrest General Hospital’s motion for summary judgment on an open account and denying the Wises’ motion for summary judgment. At issue is whether the Wises, absent any contractual obligation, should be liable for expenses incurred on behalf of their adopted child prior to his adoption. Finding that the Wises are responsible only for the child’s welfare and support subsequent to his adoption and not before, we reverse and render the circuit court’s order in favor of Forrest General Hospital and remand the Wises’ motion for summary judgment for further consideration consistent with this opinion.
FACTS
Garry and Lee Wise became the legal parents of their adopted son by a judgment of the Forrest County Chancery Court filed September 14, 1988. The baby was born in Perry County on June 25,1988. For reasons not revealed in the record, he was transported to Forrest General Hospital that day and remained there until August 19, 1988.
On June 4, 1990, Bums McFarland, Attorney for Forrest General and Gulf States Collection Services, sent Garry Wise a collection letter regarding an unpaid bill of $32,-714.51, for the baby’s seven-week hospital stay prior to the adoption. Wise responded on June 15, 1990, with a notification of dispute of claim, asserting in part, that:
3. We did not sign any papers admitting the ... baby into the hospital.
4. We did not sign any papers saying we would be responsible for any bills incurred.
5. I have never received any documentation showing the referenced bill to be my responsibility.
6. The hospital listed me as guarantor without my knowledge or approval.
7. I have never received an itemized statement.
8. I have never received a copy of the bill in question.
9. The attorney for the hospital dropped this matter after discussing with our attorney in 1989.
Subsequently, Forrest General served Garry and Lee Wise with a complaint on the open account on August 13,1990. The hospital asserted that the Wises were jointly and severally liable for necessary medical services in the amount of $32,714.51 provided to their adopted son. A copy of the hospital bill naming Garry Wise as guarantor was attached.
*1027 The Wises responded, asserting that the charges were incurred prior to the adoption and thus, they were not liable. They further averred that they had neither requested the services provided nor agreed to be responsible for any charges made. On October 15, 1990, the Wises filed a motion for summary judgment. On January 18, 1991, Forrest General likewise filed a motion for summary judgment.
A hearing on the motions was held on April 25, 1991. Contrary to the Wises’ contention that they had not contracted or otherwise agreed to assume responsibility for the infant’s pre-adoption care, the hospital asserted that the Wises were liable for the services provided to him pursuant to Miss. Code Ann. § 93-17-13 (1972). The circuit court found that the statute clearly articulated “the assumption by the adoptive parents of duties, obligations, and responsibilities toward the adoptive child” and entered summary judgment against the Wises for medical expenses in the amount of $32,714.51 and costs and denied their motion for summary judgment.
I.
Miss.Code Ann. § 93-17-13 (1972), in relevant part, provides that:
the child and the adopting parents and adoptive kindred are vested with all right, powers, duties and obligations, respectively, as if such child had been bom to the adopting parents in lawful wedlock ...
Forrest General Hospital asserts that pursuant to this statute, the Wises are liable for a $32,714.51 hospital bill incurred on behalf of their adopted son for services rendered immediately following his birth, but prior to his adoption. The Wises, however, contend that Forrest General’s position is based upon a legal fiction which disregards the reality that the Wises neither consented to the child’s treatment nor agreed to assume responsibility for the expenses incurred on his behalf. Finding that the Wises had not contracted to assume any financial obligations prior to the child’s adoption, we hold that the circuit court erred, as a matter of law, in granting Forrest General’s motion for summary judgment.
Rights, duties and obligations do not shift to the adoptive parents from the natural parent(s) until the time of the adoption. In Adams v. Adams, 467 So.2d 211 (Miss.1985), we rejected a father’s argument that he had no legal duty to support his adopted children after he was divorced from their mother. Noting that an adoptive parent has the same duty to support an adopted child that a natural parent has to his child, we stated clearly that “[u]pon adoption, a natural parent is relieved of future support for the adopted child, and the civil responsibility for support is transferred to the adoptive parent.” Adams, 467 So.2d at 214 (emphasis added). Just as the adopting parents have no legal right to the child prior to the adoption, nothing in the statute or the case law suggests that they have any legal duties or obligations during that time. It is apparent that the duties and obligations, like the rights to the child, do not attach until the adoption occurs. Moreover, we find no authority to support Forrest General’s proposition that “[a]ny unmet obligations of the natural parents, including unpaid medical bills, must be assumed by the adopting parents.” To so find would seriously limit the adoption prospects for all but healthy newborn infants to the exclusion of many older babies and children.
II.
Stripped of the adoption issue, this is an ordinary contract case involving a suit on an open account. In order to recover, the burden is on Forrest General to show the existence of a valid and binding contract, that the contract has been breached, and that damages have resulted. Warwick v. Matheney, 603 So.2d 330, 336 (Miss.1992). There is no evidence in the record that the Wises entered into a contract or any other agreement with the hospital or the birth mother to provide for prenatal or newborn expenses. To the contrary, the Wises assert that they had not signed any papers admitting the infant to the hospital or agreeing to be responsible for his treatment. They had no knowledge of the hospital’s action naming Garry as guarantor and received no actual hospital bill or itemization of charges. Forrest General does not dispute this evidence. *1028 Absent a contract or other agreement, the Wises cannot be found hable for breach of contract or failure to pay the hospital bill.
III.
Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983). There are no disputed facts in this case. However, there is no authority for the proposition that Forrest General was entitled to a judgment in its favor as a matter of law. The Wises entered into no agreement or contract to provide for the infant’s expenses prior to his adoption and Miss.Code Ann. § 93-17-13 imposes no such obligation upon adoptive parents. Accordingly, we reverse and render the order of the circuit court granting Forrest General’s motion for summary judgment and remand the Wises’ motion for summary judgment for further proceedings consistent with this opinion.
REVERSED AND RENDERED.
HAWKINS, C.J., DAN M. LEE and PRATHER, JJ., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.