# IN THE SUPREME COURT OF MISSISSIPPI

*FRANKLIN COLLECTION SERVICE, INC. AND*
*UNKNOWN ATTORNEY "A"*

*v.*                                          **NO. 2002-IA-00591-SCT**

*JERRY STEWART AND LEOLA STEWART*

## CONSOLIDATED WITH

*FRANKLIN COLLECTION SERVICE, INC. AND*
*ATTORNEY T. DALE BEAVERS*

*v.*                                          **NO. 2002-IA-00592-SCT**

*R. D. MALONE*

## CONSOLIDATED WITH

*FRANKLIN COLLECTION SERVICE, INC. AND*
*ATTORNEY JEFFREY WALDO*

*v.*                                          **NO. 2002-IA-00593-SCT**

*BRENDA COCKRELL*

## CONSOLIDATED WITH

*FRANKLIN COLLECTION SERVICE, INC. AND*
*ATTORNEY MARY E. MASON*

*v.*                                          **NO. 2002-IA-00594-SCT**

*WALTER & ETHEL WOODS*

## CONSOLIDATED WITH

*FRANKLIN COLLECTION SERVICE, INC. AND*
*ATTORNEY JEFFREY WALDO*

*v.*                                    **NO. 2002-IA-00595-SCT**

*WILLIAM D. BINION*

**CONSOLIDATED WITH**

*FRANKLIN COLLECTION SERVICE, INC. AND*
*ATTORNEY T. DALE BEAVERS*

*v.*                                    **NO. 2002-IA-00596-SCT**

*SHALONDA JONES A/K/A SHALONDA SMART*

**CONSOLIDATED WITH**

*FRANKLIN COLLECTION SERVICE, INC. AND*
*ATTORNEY T. DALE BEAVERS*

*v.*                                    **NO. 2002-IA-00597-SCT**

*ANNIE P. TATE*

**CONSOLIDATED WITH**

*FRANKLIN COLLECTION SERVICE, INC. AND*
*ATTORNEY T. DALE BEAVERS*

*v.*                                    **NO. 2002-IA-00598-SCT**

*LEE V. WILKERSON*

**CONSOLIDATED WITH**

*FRANKLIN COLLECTION SERVICE, INC. AND*
*ATTORNEY MARY E. MASON*

*v.*                                              NO. 2002-IA-00599-SCT

*BESSIE M. NEAL*


DATE OF JUDGMENT:                  4/4/2002
TRIAL JUDGE:                       HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:         NOXUBEE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:          WILLIAM V. WESTBROOK, III
                                   JOHN PAUL BARBER
                                   CHARLES G. PERKINS
ATTORNEYS FOR APPELLEES:           ARMSTRONG WALTERS
                                   THOMAS L. KESLER
                                   BENNIE L. TURNER
NATURE OF THE CASE:                CIVIL - OTHER
DISPOSITION:                       REVERSED AND RENDERED - 12/31/2003
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1.     Franklin Collection Service, Inc. (Franklin) filed nine separate actions in the Noxubee County

Justice Court over a period of four and a half years between June 1996 and December 2000. All sought

to obtain judgments for unpaid medical bills owed to various medical service providers plus attorney's fees

and court costs. It is undisputed that each of the justice court defendants was a Noxubee County resident

and was properly served with process. Each of the standard "form" complaints stated the amount owed

to the service provider plus a specific amount for the attorney's fee and for court costs. Further, the

complaints stated that the debts were incurred upon open account, that the indebtedness had been assigned

fully to Franklin, that a written demand for payment had been made more than 30 days before the suit was

filed, and that the debtors had failed or refused to pay. In addition, the complaint stated that Franklin had

3

hired counsel to prosecute the collection suit.  None of the justice court defendants answered the complaint filed against them, and default judgments were entered against each one.  Details of each of the nine complaints, including  the following itemization of the judgments, are as follows:

| | Date of Judgment | Name of Debtor | Name of Service Provider | Debt Owed | Atty Fee | Court Costs | Total Judgment | % Atty Fee |
|---|---|---|---|---|---|---|---|---|
| 1. | 05-16-96 | Stewart | Clay Co. Med. Center | $644 | $50 | $52 | $745 | 08% |
| 2. | 06-16-98 | Cockrell | Columbus Foot Clinic | $403 | $100 | $79 | $582 | 25% |
| 3. | 11-10-98 | Binion | Gold's Gym | $163 | $50 | $54 | $267 | 31% |
| 4. | 04-27-99 | Neal | Columbus Orthopaedic | $130 | $50 | $54 | $234 | 38% |
| 5. | 04-11-00 | Jones | Robert Trotter, M.D. Family Health Clinic | $57 $179 | | | | |
| | | | Jeffrey Chain, M.D. | $204 | | | | |
| | | | Columbus Orthopaedic | $190 | $150 | $54 | $834 | 24% |
| 6. | 04-11-00 | Malone | Clay Co. Med. Center | $295 | $75 | $54 | $424 | 25% |
| 7. | 08-08-00 | Tate | Lance Busch, M.D. | $102 | | | | |
| | | | Columbus Orthopaedic | $163 | $75 | $54 | $394 | 28% |
| 8. | 10-10-00 | Wilkerson | Cardiology Assoc. N.M. | $878 | $175 | $54 | $1,107 | 20% |
| 9. | No date | Woods | Family Health Clinic | $479 | | | | |
| | | | Kemper Comm. Hosp. | $173 | $150 | $54 | $856 | 23% |

With the exception of Mrs. Neal, whose $50 attorney fee was $7 more than one-third of her indebtedness, the percentage of the debt owed which was allocated for attorney's fees was well within the presumptively reasonable one-third of the indebtedness which this Court has traditionally approved as reasonable awards of attorneys' fees in collection matters.[1]

¶2.     On December 18, 2000, each of the debtors filed separate civil actions against Franklin in the Noxubee County Circuit Court, alleging that the debts sued upon were not open accounts and that Franklin

_____

[1] See **Dynasteel Corp. v. Aztec Indus., Inc.** 611 So. 2d 977, 987 (Miss. 1992).  *See also* **Estate of Baxter v. Shaw Assocs., Inc.**, 797 So.2d 396 (Miss. Ct. App. 2001) (There is a presumption in a collection suit in favor of awarding fees in the amount of one third of the indebtedness).

and its attorneys perpetrated a fraud on the court[2] and abuse of process on the debtors. In January 2001, the case was removed to federal court. In June of 2001 it was remanded to the Noxubee County Circuit Court, after the federal court held that the debtor's action was not completely preempted by the Fair Debt Collections Practices Act.

¶3.     On April 4, 2002, the Noxubee County Circuit Court entered an order denying the motion to dismiss or for summary judgment filed by Franklin, and certified four issues for interlocutory appeal to this Court, which are consolidated into the three issues discussed below. We granted Franklin's petitions to bring these consolidated interlocutory appeals. See M.R.A.P. 5.

**FACTS**

¶4.     For the purposes of this opinion the facts are limited to those which led to this appeal, not the underlying facts which led to the original complaints in justice court against the circuit court plaintiffs.

¶5.     These actions involve eleven plaintiffs, all Noxubee County residents against whom Franklin, through attorneys T. Dale Beavers (Beavers), Mary E. Mason (Mason), Jeffrey Waldo (Waldo), and Unknown Attorney A (Attorney A), instituted collection proceedings in the Justice Court of Noxubee County, concerning unpaid medical bills for various medical services. It is undisputed that service of process was properly obtained on all, that the amount billed by the medical providers was owed, and that none of the justice court defendants appeared in the justice court or contested the allegations in the complaint in any way. In due time, default judgments were entered. In all cases, the judgment sought by

_____

[2] The fraud allegation was that Franklin and its attorneys "knew, or should have known, the debt owed by the Plaintiffs was not a debt for which attorney's fees are authorized under § 11-53-81" (the open account statute) and that the attorneys did not "advise the Justice Court Judge the debt was not an open account." The abuse of process allegation was that Franklin and its attorneys, in seeking collection of attorneys' fees in this manner, made "[a]llegations attorney fees were owed pursuant to § 11-53-81 [which] were false."

Franklin included the debt amount, plus a specific attorney's fee, plus court costs. No appeals were perfected by any of the justice court defendants.

¶6. On December 18, 2000, the justice court defendants filed their circuit court complaints, in separate actions, against Franklin and Beavers, Mason, Waldo and Attorney A, seeking, as damages, recovery of the attorney's fees awarded by the justice court judgments and also seeking punitive damages and court costs, based upon a putative claim for "misrepresentation and abuse of process" and "perpetrat[ion of] a fraud on the Justice Court of Noxubee County." Franklin responded by filing a motion to dismiss or for summary judgment, arguing that because none of the justice court judgments had been appealed, any challenge in the circuit court concerning the propriety of the "open account" attorney's fee remedy, as well as the fee amount awarded, was barred.

¶7. The circuit court denied Franklin's motion to dismiss or for summary judgment; however, leave was given for Franklin to seek an interlocutory appeal. Four issues were certified for these consolidated interlocutory appeals. After careful consideration, this Court finds that the challenge to the application of the open account collection law and procedure raised by the plaintiffs is barred by the doctrine of res judicata and that the assertions made regarding misrepresentation, fraud and abuse of process are without merit. Accordingly, this Court reverses and renders the judgment of the Noxubee County Circuit Court. For the sake of clarity, the issues have been combined and reworded.

## DISCUSSION

I. **WHETHER THE JUSTICE COURT JUDGMENT BARS ANY LITIGATION CONCERNING THE AWARD OF ATTORNEY'S FEES WHEN NO DIRECT APPEAL WAS TAKEN FROM THE JUSTICE COURT RULING.**

6

¶8. The plaintiffs argue that the res judicata argument is inapplicable because their failure to appear and to perfect an appeal does not bar this subsequent litigation which is based on a scheme to cheat and defraud. They further argue that Franklin used tactics that constituted a fraud upon the court and constituted ethical violations which led to an abuse of process. We hold that res judicata is applicable with regard to the questions regarding the open account procedure, award of attorney's fees and failure to appeal, but that it does not foreclose, under the facts and circumstances of this case, our review of the allegations of misrepresentation, fraud and abuse of process.

¶9. The doctrine of res judicata reflects the refusal of the law to tolerate a multiplicity of litigation. *Little v. V&G Welding Supply, Inc.*, 704 So.2d 1336, 1337 (Miss. 1997). Res judicata bars all issues that might have been (or could have been) raised and decided in the initial suit, in addition to all issues that were actually decided in the first action. It is a doctrine of public policy "designed to avoid the 'expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions.' " *Id.*

¶10. A judgment for default may be entered if the defendant fails to appear and the plaintiff appears. Uniform Rules of Procedure For Justice Court 2.06. In order for a court to enter a default judgment, the court must have had jurisdiction and proper service of process. *McCain v. Dauzat,* 791 So.2d 839, 842 (Miss. 2001). A judgment by default is given the same effect as if a verdict was entered for the plaintiff and accordingly can have preclusive effect on other litigation. *Strain v. Gayden*, 197 Miss. 353, 20 So.2d 697, 700 (1945). *See also In re Evans*, 252 B.R. 366, 371 (Bankr. N.D. Miss. 2000). The proper procedure for an appeal from a justice court judgment is found in Miss. Code Ann. § 11-51-91 (Rev. 2002), which allows for a de novo trial by the circuit court.

¶11. None of the circuit court plaintiffs allege they were improperly served nor do any allege jurisdiction was improper in the justice court. Further, they do not dispute that the debt was actually owed. They did not avail themselves of presenting a defense in the justice court to the underlying collection action, and then they neglected to appeal from the default judgment rendered by the justice court.

¶12. The plaintiffs are basing their complaints upon the alleged improper collection of attorneys' fees in the underlying collection actions instituted by Franklin but argue that they do not dispute the original debt. The amount of the debt for which Franklin sued included attorney's fees and court costs, and this is the same amount awarded by the justice court in the default judgments.

¶13. The plaintiffs cannot simply fail to defend a suit to collect a debt and also fail to appeal the default judgment entered against them and then file suit and argue that the judgment, though not in dispute, was the result of fraud or abuse of process. If they do so, they do so at their own peril, especially in circumstances such as those before this Court, where their allegations of fraud and abuse of process are without merit. The proper avenue available to attack the judgment, the attorney's fees awarded and the alleged fraud was to defend the action in justice court or to make a timely appeal of the judgment to the circuit court. The plaintiffs are procedurally barred by the doctrine of res judicata from bringing any action concerning the default judgments of the justice court.

## II. WHETHER THE JUSTICE COURT MAY ENTER A DEFAULT JUDGMENT AND AWARD ATTORNEY'S FEES ON "OPEN ACCOUNTS."

¶14. Franklin argues that the unpaid debts were "open accounts" and therefore subject to Miss. Code Ann. § 11-53-81 (Rev. 2002) which provides for recovery of the attorneys' fees along with the debts. The plaintiffs argue that the debts are not open accounts within the meaning of § 11-53-81. This Court has defined an "open account" as an account based on continuing transactions between the parties which have

not closed or been settled. *Westinghouse Credit Corp. v. Moore & McCalib, Inc*., 361 So.2d 990, 992 (Miss. 1978). We have also recognized that a collection for recovery, on an open account, amounts to a collection action where the debt is based on a series of credit transactions. *Allen v. Mac Tools, Inc*. 671 So.2d 636, 644 (Miss. 1996).

¶15.    It has long been held that § 11-53-81 is applicable in the collection of medical bills, either in a direct action by the unpaid medical provider or by a collection agent or agency acting on behalf of the medical provider. The availability of this remedy is generally well settled, and we find nothing in the cases before us to warrant a departure from the rule that accounts established by medical providers for services provided to their patients are open accounts within the purview of § 11-53-81, and the statutory provision that "the person who fails to pay the open account shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff" is applicable. In *Anderson v. Lancaster*, 215 Miss. 179, 60 So.2d 595 (1952) this Court acknowledged that medical accounts are considered "open accounts." In *Anderson*, the doctor and patient had a verbal agreement concerning the date on which payment of the open account would be made, and this Court found for the doctor on a statute of limitations claim. *Id*. at 596-97. In *Wise v. Gulf States Collection Services*, 633 So.2d 1025, 1027 (Miss. 1994), an attorney for the collection agency sent a collection letter regarding an unpaid bill due to Forrest General Hospital for an unpaid bill for an adopted baby's seven-week stay in the hospital. The bill was disputed by the adopting parents who had not been involved with the hospital arrangements. This Court acknowledged that the case brought by the collection agency was "an ordinary contract case involving a suit on an open account" and because the adopting parents, who had not sought the services nor entered into any agreement to be responsible for the hospital bills, could not be found liable.

9

¶16. Miss. Code Ann. § 11-9-127 (Supp. 2003) provides that a justice court judge can enter a default judgment against one or more parties that fail to appear before the court on the specified trial date. The plaintiffs do not deny that they were all properly served with process and all failed to appear and defend the collection action. Pursuant to statutory law, the justice court was not in error by entering a default judgment, which included reasonable attorney's fees, on Franklin's collection actions against the plaintiffs.

### III. WHETHER A DEBTOR MAY PROCEED IN AN INDEPENDENT ACTION AGAINST THE CREDITOR COLLECTION AGENCY WHEN THE DEBTOR FAILED TO DEFEND OR APPEAL THE ORIGINAL JUDGMENT.

¶17. The plaintiffs allege that Franklin and its attorneys are liable for an abuse of process in the collection of attorney's fees and that they violated certain ethical rules regarding fee sharing with non-lawyers.

¶18. "The elements of abuse of process are: (1) the party made an illegal use of the process, a use neither warranted nor authorized by the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *McLain v. West Side Bone & Joint Ctr.,* 656 So.2d 119, 123 (Miss. 1995). The record is devoid of any evidence to support the plaintiffs' claims of abuse of process. The allegations of the plaintiffs that the debts owed were not debts for which attorney's fees are authorized by the open account provisions of § 11-53-81, and that Franklin and its attorneys knew that, are simply unfounded. Franklin had ample cause to file the collection actions against the plaintiffs, and even if it were assumed, for argument sake, that Franklin violated any ethical rules regarding their attorneys, that alone would not be enough support this claim as an independent civil action.

### CONCLUSION

¶19. We hold that the circuit court erred by denying Franklin's motion to dismiss or for summary judgment. The plaintiffs' actions are procedurally barred with regard to their claims on the merits regarding

attorneys' fees, by the doctrine of res judicata. Because we hold that collection of debts incurred for services performed by medical providers are properly pursued as open accounts under § 11-53-81, there is no merit to the claims of abuse of process. Therefore, we reverse the circuit court's orders denying Franklin's motions to dismiss or for summary judgment, and we render summary judgment finally dismissing the plaintiffs' complaints and actions with prejudice.

¶20.    **REVERSED AND RENDERED.**

**SMITH, P.J., WALLER AND CARLSON, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. PITTMAN, C.J., DIAZ AND EASLEY, JJ., NOT PARTICIPATING.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶21.    The trial court's denial of summary judgment should be affirmed as there are disputed issues of material fact. Such disputed issues of material fact are critical in determining: (1) Whether the collection proceedings in question were in fact open accounts within the meaning of Miss. Code Ann. § 11-53-81 (Rev. 2002); and (2) Whether Franklin Collection was entitled to attorney's fees during the collection proceeding. Also presented on appeal are two issues of law, those being: (3) Whether the plaintiffs are procedurally barred from pursuing a claim for abuse of process; and (4) Whether a private right of action exists for the plaintiffs against Franklin Collection for its alleged ethical and discipline violations. The plaintiffs are not procedurally barred from pursuing a claim for abuse of process and although the alleged ethical and discipline violations by Franklin Collection do not create a private right of action, they do provide evidence of the underlying claim of abuse of process. For these reasons, I dissent.

¶22.    One of the critical areas of inquiry is whether the collection proceedings in question were in fact "open accounts" within the meaning of Miss. Code Ann. § 11-53-81 (Rev. 2002). Section 11-53-81

11

provides for the recovery of "reasonable attorney's fees" for the prosecution and collection of an "open account." Miss. Code Ann. § 11-53-81. The critical factual issue which determines whether "reasonable attorney's fees" are appropriate is the determination of whether the collection proceeding in question was in fact on an "open account."

¶23.    "Open account" has been defined several times by this Court.  "[I]t is generally held to mean an account based on continuing transactions between the parties which has not been closed or settled but is kept open in anticipation of further transactions." *Westinghouse Credit Corp. v. Moore & McCalib, Inc.*, 361 So.2d 990, 992 (Miss. 1978).[3]  It is a "[t]ype of credit extended through an advance agreement by a seller to a buyer which permits the buyer to make purchases without a note of security and is based on an evaluation of the buyer's credit." *Allen v. Mac Tools, Inc.,* 671 So.2d 636, 644 (Miss. 1996) (quoting Black's Law Dictionary 1090 (6th ed. 1990)).  Essentially, an action on an open account is "an action to collect on a debt created by a series of credit transactions." *Allen*, 671 So.2d at 644.[4]

¶24.    In our analysis we have found many transactions and debts to indeed be "open accounts" under the statute.  Such transactions which have been found to be "open accounts" include a collection proceeding by a gasoline distributor against a debtor purchaser; a creditor suit initiated by a steel galvanizer against a steel fabricator for unpaid services; a creditor suit initiated by a box company against a toy manufacturer for unpaid services; and a collection proceeding initiated by a doctor or hospital to collect for unpaid medical bills. *Par Indus., Inc. v. Target Container Co.,* 708 So.2d 44, 53-54 (Miss. 1998);

---

[3] *See also Allen v. Mac Tools, Inc.*, 671 So.2d 636, 644 (Miss. 1996); *Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 619 So.2d 908, 915 (Miss. 1993).

[4] *See also H & H Design Builders, Inc. v. Travelers' Indem. Co.*, 639 So.2d 697 (Fla. Dist. Ct. App. 1994); *Central Ins. Underwriters, Inc. v. National Ins. Co.*, 599 So.2d 1371 (Fla. Dist. Ct. App. 1992); *Robert W. Gottfried, Inc. v. Cole*, 454 So.2d 695 (Fla. Dist. Ct. App. 1984).

12

*McLain v. West Side Bone & Joint Ctr.*, 656 So.2d 119, 121 (Miss. 1995); *Wise v. Gulf States Collection Servs.*, 633 So.2d 1025, 1027 (Miss. 1994); *Dynasteel Corp. v. Aztec Indus., Inc*., 611 So.2d 977, 979-80 (Miss. 1992); *Bryant, Inc. v. Walters,* 493 So.2d 933, 938 (Miss. 1986)*; Anderson v. Lancaster*, 215 Miss. 179, 60 So.2d 595, 596 (1952). Of course, assignees of those entitled to collect under an "open account" may also proceed under the statute and collect attorneys' fees. *Ashby v. Carr*, 40 Miss. 64, 1-2 (1866). However, this Court has never addressed whether an account receivable, an unpaid medical bill in this case, can be sold to a collection agency and still keep its "open account" status. Looking to the definitions given above, it is apparent that an account receivable sold does in fact lose its "open account" status, as no other transactions are anticipated between the parties and the creditor. Here the hospital has essentially closed the account by selling it to the collection agency.

¶25. The record presented on appeal is incomplete, and a determination of whether the medical bills in question qualify for "open account" status are still up in the air. There is no evidence either way which indicates whether the medical accounts receivables were "sold" or "assigned" to Franklin Collection. Without this information, a determination cannot be made as to whether the collection proceedings were in fact on an "open account," therefore invoking the "reasonable attorney's fees" provision of §11-53-81. More discovery and fact finding is needed on this issue making summary judgment at this point inappropriate.

¶26. Another critical issue in dispute is whether Franklin Collection was entitled to attorney's fees in the collection proceedings. This issue in many respects hinges on whether the debt as held by Franklin Collection was an "open account," which as stated earlier, fact finding is needed for such a determination. This inquiry also turns on information which emerged regarding the practices of Franklin Collection, lay

persons drafting and signing complaints and the sending of lay persons to court to collect upon the debt.

¶27. Even if the collection proceeding is found to indeed be upon an "open account," issues still exist with regard to the practices of Franklin Collection and the reasonableness of the fees assessed. Deposition testimony indicates that Franklin Collection not only had unlicensed individuals draft the collection complaints but also sent them to court to collect upon the debt. Honestly, how can Franklin Collection be entitled to attorney's fees if no attorneys did any work? Also at issue is whether the attorney's fees rendered and collected by Franklin Collection are in fact "reasonable." If no attorney worked on the collection proceeding, then it is evident that any award of attorney's fees is not reasonable. Further, if all that is required for collection is a fill-in-the-blank form and a five-minute wait in justice court, then the attorney's fees awarded may indeed be unreasonable. For example, William Binion owed Clay County Hospital $163.00 in unpaid medical bills, but in the end Franklin Collection sought a judgment for $267.00 which not only included the debt but $50.00 in attorney's fees and $54.00 in court costs.

¶28. Also at issue is whether the plaintiffs can procedurally maintain an action for abuse of process. Franklin Collection argues that the plaintiffs are precluded from asserting this claim since they did not raise it as a counterclaim during the justice court collection proceeding. This is not so. Malicious prosecution and abuse of process claims are not mandatory counterclaims. *Moon v. Condere Corp.*, 690 So.2d 1191, 1198-1200 (Miss. 1997). Further, counterclaims in justice court are permissible, not compulsory. URPJC 2.07.

¶29. Lastly, as a question of law, we are called upon to determine whether a private right of action exists for the plaintiffs against Franklin Collection for its ethical and discipline violations. The straight answer is that no private right of action exists for violations of ethical and/or discipline rules. *See* Miss. R. Prof'l

Conduct Scope. However, that does not mean that violations may not be used in support of a separate independent cause of action. Under the present circumstances, the plaintiffs have asserted a claim of abuse of process. In making their case, they should be able to use violations of the ethical and discipline rules to prove the elements of their claim.[5] Other jurisdictions have held that ethical and discipline violations can be used as evidence to support a separate independent civil action. *Allen v. Lefkoff, Duncan, Grimes, & Dermer, P.C.,* 265 Ga. 374, 374-77, 453 S.E.2d 719, 720-22 (1995); *Mayol v. Summers, Watson, & Kimpel*, 223 Ill. App.3d 794, 810, 585 N.E.2d 1176, 1186 (1992).

¶30.    For the above reasons, I would affirm the learned trial judge and remand these cases for further proceedings.

---

[5] The elements for abuse of process include: "(1) the party made an illegal use of the process, a use neither warranted nor authorized by the process; (2) the party had an ulterior motive; and (3) damage resulted from the perverted use of process." *McLain v. West Side Bone & Joint Ctr.*, 656 So.2d at 123 (citing *State ex rel. Foster v. Turner*, 319 So.2d 236, 236 (Miss. 1975). "[A]n action for abuse of process may arise where there is a 'malicious perversion of a regularly issued civil or criminal process, for a purpose and to obtain a result not lawfully warranted or properly attainable thereby, and for which perversion an action will lie to recover the pecuniary loss sustained.' " *Moon v. Condere Corp.*, 690 So.2d at 1197 (quoting *State ex rel. Foster*, 319 So.2d at 236).